396

HERBERT MANUEL et al., Plaintiffs-Appellants, v. MICHAEL HOLDER et al.,
Defendants-Appellees.

First District (1st Division)    No. 78-1716

Opinion filed August 13, 1979.

Chester L. Blair, Chartered, of Chicago (Chester L. Blair and Gilbert C. Schumm, of counsel), for appellants.

Jesmer and Harris, of Chicago (Charles E. Tannen and Allen L. Wiederer, of counsel), for appellee Yellow Cab Company.

Mr. PRESIDING JUSTICE GOLDBERG delivered the opinion of the court:

On motion of Michael Holder and Yellow Cab Company (defendants), the trial court dismissed with prejudice a second suit by Herbert Manuel and Bernice Manuel (plaintiffs), for personal injuries allegedly resulting from a motor vehicle collision. The dismissal was based upon the statute of limitations. Plaintiffs appeal.

A chronological statement of the facts is desirable:

October 30, 1973—The accident occurred.

October 18, 1974—First suit filed.

October 30, 1975—Statute of limitations ran on the accident.

March 28, 1977—Suit dismissed on motion of defendants pursuant to Supreme Court Rule 103(b) (58 Ill. 2d R. 103(b)), for failure of plaintiffs to exercise reasonable diligence to obtain service.

At this point an exposition of the record is essential. The common law record shows on April 22, 1977, the trial court ordered that this first suit against Yellow Cab Company be dismissed with prejudice. There is a note upon the minute order: "Draft order filed on the above order lost." On April 28, 1977, defendant Yellow Cab filed a motion to vacate the purported order of April 22, 1977, upon the ground that no notice concerning said order was ever served upon defendant; the trial court was not apprised of the absence of notice and counsel for plaintiff had been furnished with a copy of the previous order of dismissal entered March

28. The motion also alleged that on April 27, 1977, counsel for defendants received a letter from counsel for plaintiffs together with a copy of an order enclosed purporting to have been entered in the cause on April 22, 1977. This order showed that the case was dismissed with prejudice pursuant to Rule 103(b). Copies of these documents are appended to the motion to vacate.

April 28, 1977—Order entered vacating the order of April 22, 1977, because it was entered without notice to defendants. The first suit therefore stood dismissed by the order of March 28, 1977.

June 27, 1977—Notice of appeal filed by plaintiffs from the orders of March 28, 1977, and April 28, 1977.

April 21, 1978—Second suit filed by plaintiffs against defendants alleging the same claim for damages.

May 12, 1978—Motion of defendants to dismiss the second suit on the ground that the second complaint was barred by the statute of limitations. Photocopy of the order entered in the first case on March 28, 1977, is appended thereto.

May 25, 1978—Answer by plaintiffs to motion to dismiss alleges that the final order in the first case was entered April 28, 1977, and the second suit was filed April 21, 1978, within one year after the final order. The answer cites Ill. Rev. Stat. 1977, ch. 83, par. 24a.

July 14, 1978—The second suit was dismissed with prejudice. Plaintiffs have appealed from this order.

Plaintiffs contend that the trial court erred in dismissing the second suit within one year "following nonsuit" of the first; and that the trial court failed to evaluate the circumstances of the first dismissal.

In our opinion, there are three cogent legal reasons which require us to affirm the judgment.

I.

The pertinent limitation statute (Ill. Rev. Stat. 1977, ch. 83, par. 24a) provides:

> "In the actions specified in this Act * * * where the time for commencing an action is limited, if * * * the action is dismissed for want of prosecution then, whether or not the time limitation for bringing such action expires during the pendency of such suit, the plaintiff * * * may commence a new action within one year or within the remaining period of limitation, whichever is greater, after * * * the action is dismissed for want of prosecution."

Manifestly this statute permits the filing of a new suit after dismissal of the action for want of prosecution. Such is not the case here. It is apparent from this record that the statute of limitations expired October 30, 1975, two years after the occurrence. The order dismissing the first

complaint entered March 28, 1977, dismissed the first suit with prejudice. The subsequent order upon which plaintiffs depend, purporting to dismiss the first suit on April 22, 1977, was also a dismissal with prejudice. Neither of these two orders of dismissal come under the statute above quoted.

## II.

The cited statute by its terms gives a plaintiff the right to file a new action within one year after the dismissal "for want of prosecution." In our opinion, the dismissal of the first case took place on March 28, 1977. The order of April 22, 1977, entered under doubtful circumstances, was vacated by the trial court on April 28, 1977. Consequently, under any applicable computation, the second suit, having been filed April 21, 1978, was filed more than three years after expiration of the statute of limitations and more than one year after entry of the order dismissing the first suit with prejudice.

## III.

The order dismissing the first suit entered March 28, 1977, was pursuant to Supreme Court Rule 103(b), (58 Ill. 2d R. 103(b)). This rule provides:

"If the plaintiff fails to exercise reasonable diligence to obtain service prior to the expiration of the applicable statute of limitations, the action as a whole or as to any unserved defendant may be dismissed without prejudice. If the failure to exercise reasonable diligence to obtain service occurs after the expiration of the applicable statute of limitations, the dismissal shall be with prejudice. In either case the dismissal may be made on the application of any defendant or on the court's own motion."

In the case before us, the statute of limitations expired on October 30, 1975. The failure of plaintiffs to exercise reasonable diligence to obtain service occurred after that date. As shown, dismissal of the first case under this rule took place on March 28, 1977. Therefore, under the cited rule, the dismissal of the first case was necessarily with prejudice. Indeed, the rule above quoted specifically so provides. See *Aranda v. Hobart Manufacturing Corp.* (1977), 66 Ill. 2d 616, 619, 363 N.E.2d 796. See also *Juechter v. Grace* (1977), 55 Ill. App. 3d 606, 607, 371 N.E.2d 179.

For these reasons the order appealed from dismissing the second suit with prejudice is affirmed.

Order affirmed.

McGLOON and CAMPBELL, JJ., concur.