MARY ANN GREEN, Plaintiff-Appellee, *v.* WILMOT MOUNTAIN, INC., *et al.*, Defendants-Appellants.

First District (5th Division)    No. 79-992

Opinion filed December 24, 1980.

Timothy J. Gillick, of Pretzel, Stouffer, Nolan & Rooney, of Chicago (Robert Marc Chemers and Joseph B. Lederleitner, of counsel), for appellants.

Steinberg, Polacek & Goodman, of Chicago (William L. Barr, Jr., and Kenneth W. Bley, of counsel), for appellee.

Mr. JUSTICE WILSON delivered the opinion of the court:

This appeal involves the trial court's August 25, 1978, order dismissing plaintiff's 1976 personal injury action "for want of prosecution without prejudice." After plaintiff refiled her action pursuant to section 24 of the Limitations Act (Ill. Rev. Stat. 1979, ch. 83, par. 24a), defendant Wilmot Mountain, Inc., moved for leave to appear in the original suit and to modify the August 25 dismissal order to read "with prejudice," so as to bar the refiled action. The court denied these motions and defendants [1] appeal. For reasons set forth, we affirm.

The chronology of events in the case follows.

| | |
|---|---|
| January 4, 1975 | Plaintiff injured in skiing accident on defendant Wilmot's ski slopes. |
| December 30, 1976 | Complaint filed. |
| January 4, 1977 | Statute of limitations expired. |
| January 17, 1977 | Summons placed with Cook County sheriff (no evidence of return in record). |
| August 25, 1978 | Complaint dismissed, without prejudice, for want of prosecution. |
| September 5, 1978 | Plaintiff refiled her complaint under section 24 of the Limitations Act. |
| March 1, 1979 | Wilmot moved for leave to file a special and limited appearance in the original suit and to amend the August 25 order. |
| March 23, 1979 | Wilmot sought leave to enter a general appearance and to amend the August 25 order. |

Wilmot's motion alleged that it was never served with process; that more than three years after the injury occurred, the suit was dismissed without prejudice; that the August 25 dismissal order was erroneous because, under Supreme Court Rule 103(b), the motion judge could only dismiss the cause "with prejudice," and that the August 25 order must therefore be amended accordingly.

In opposition to Wilmot's contentions, plaintiff argues: (1) the August 25, 1978, order was a final order and the trial court consequently had no jurisdiction to hear defendants' motions because they were filed after the 30-day period provided by section 68.3 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 68.3); (2) the trial court cannot modify its order absent a memorandum which indicates the basis for the modification; (3)

---

[1] Chicago Metropolitan Ski Council adopted Wilmot's brief on appeal. There is no indication in the record that the other defendant, National Ski Patrol Association, has joined in this appeal.

a summary modification of the order would contravene *section 24 of the Limitations Act.*

OPINION

Initially, we must confront the jurisdictional question raised by this appeal. As an alternative argument to our affirming the trial court's denial of defendants' motions to modify the August 25 order, plaintiff suggests that we have no jurisdiction over this appeal because defendants did not file their notice of appeal within 30 days after the entry of the August 25, 1978, order. (See Supreme Court Rule 303, Ill. Rev. Stat. 1979, ch. 110A, par. 303.) Plaintiff supports this contention by asserting that the August 25 order was a final and appealable order and that the trial court lost jurisdiction to hear any further motions regarding the cause after 30 days. (See Ill. Rev. Stat. 1977, ch. 110, par. 68.3.) Therefore, defendants' appeal from the denial of those March orders is, in effect, an improper collateral attack on the August 25 order. Hence, plaintiff argues, we also lack jurisdiction over the matter. Defendants, on the other hand, argue that the trial court retained its power to amend its records, even after 30 days, to conform them to the law. Additionally, defendants claim that the August 25 order as entered is void, which subjects it to collateral attack. Our threshold determination, therefore, is whether this cause is properly before us on appeal.

■■ We agree with plaintiff that the August 25, 1978, order was final in the sense that plaintiff's 1976 lawsuit was terminated and the court lost jurisdiction, after 30 days, to entertain further motions to vacate or modify its order. (Ill. Rev. Stat. 1977, ch. 110, par. 68.3; *Watts v. Medusa Portland Cement Co.* (1971), 132 Ill. App. 2d 227, 268 N.E.2d 721; *Athletic Ass'n of University v. Crawford* (1963), 43 Ill. App. 2d 52, 192 N.E.2d 556.) Therefore, defendants' March 1 and March 23 motions were not timely filed in the trial court. The court's subsequent denial of those motions would thus be proper on that basis. Noting that defendants filed their notice of appeal from those March orders on March 29, 1979—within the requisite 30-day period under Supreme Court Rule 303—we thus have jurisdiction to review the court's denial of those orders. We could simply affirm by assuming the court's denials of the motions to be predicated on the court's lack of jurisdiction. This result, of course, would obviate the need to discuss the merits of defendants' proposed construction of Supreme Court Rule 103(b).

■■ We believe, however, that disposing of this case solely on this jurisdictional theory would be an overly facile way of avoiding the real issue in this case: Was the motion judge under a mandatory duty, under the circumstances of this case, to dismiss plaintiff's cause with prejudice

for failure to exercise diligence in service of summons? If so, defendants should not be barred from seeking the appropriate relief, especially since they had no previous opportunity to raise the issue, not having been served with summons. Therefore, although we do not agree with defendants that the August 25 order is void,[2] we believe that defendants' motions should be treated as petitions for relief under section 72 of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 72). (See *Werth Industries, Inc. v. Mid-America Management Co.* (1973), 16 Ill. App. 3d 688, 306 N.E.2d 510.) The purpose of section 72 is to bring to the court's attention matters which, if known to the court at the time judgment was entered, would have prevented its rendition. (*Mercantile All-In-One Loans, Inc. v. Menna* (1978), 63 Ill. App. 3d 931, 380 N.E.2d 944; *Hall v. Hall* (1973), 15 Ill. App. 3d 599, 304 N.E.2d 763.) Under section 72, relief from judgments may be sought upon proper grounds within two years after the order or judgment is entered. In the pending case, defendants' motions alleged that the August 25 want of prosecution dismissal was in fact a mandatory dismissal with prejudice for lack of diligence in obtaining service. Accordingly, defendants' motions achieved the purpose of bringing to the court's attention defendants' position. Therefore, since the court implicitly rejected defendants' proposed application of Supreme Court Rule 103(b) (Ill. Rev. Stat. 1979, ch. 110A, par. 103(b)), we will review the merits of the argument.

The rule provides, in pertinent part:

"(b) Dismissal for Lack of Diligence. If the plaintiff fails to exercise reasonable diligence to obtain service prior to the expiration of the applicable statute of limitations, the action as a whole or as to any unserved defendant may be dismissed without prejudice. If the failure to exercise reasonable diligence to obtain service occurs after the expiration of the applicable statute of limitations, the dismissal shall be with prejudice. In either case the dismissal may be made on the application of any defendant or on the court's own motion."

Defendants state that the trial court has the power to "reform its records to make them speak the truth, where there is a proper basis upon which to amend an order." In the pending case, defendants argue the court had no discretion to dismiss without prejudice because, under Rule 103(b), plaintiff failed to exercise reasonable diligence to obtain service

---

[2] In general, a judgment is void only if the court lacks jurisdiction over the subject matter or the person, or if the judgment is procured by fraud, but it is not void if merely erroneous, even though the judgment is so defective that it would be set aside upon proper mode of review. *Federal Sign & Signal Corp. v. Czubak* (1978), 57 Ill. App. 3d 176, 372 N.E.2d 965.

after expiration of the statute of limitations. Since defendants apparently had no knowledge of the suit, they could not have moved for dismissal under Rule 103(b); consequently, defendants argue that the court was impelled to do so on its own motion.

Despite the ingenuity of defendants' theory, we reject the premise that the court was bound to dismiss plaintiff's action with prejudice, under Rule 103(b) on the August 25, 1978, "No Progress Call."

■■ The order is unambiguous on its face and there is nothing in the record to contradict its presumptive validity. (See *Amalgamated Trust & Savings Bank v. Conrad Kern Co.* (1975), 34 Ill. App. 3d 430, 434, 340 N.E.2d 36.) To grant defendants' requested relief, therefore, we would have to determine that plaintiff's failure to serve defendants for more than 20 months after the expiration of the applicable statute of limitations was a *per se* lack of diligence under Rule 103(b). Because the record contains no report of the August 25 proceedings before the lower court, we cannot speculate as to what showing, if any, was made to support the dismissal without prejudice. However, it is reasonable to assume that, had the court determined that plaintiff had *not* exercised reasonable diligence it would have stated in its order that the dismissal was for that reason, under Rule 103(b). In that case the words "without prejudice" would be erroneous because of the expiration of the statute of limitations; the rule provides that such dismissals *"shall* be with prejudice."

Nevertheless, in the pending case the trial court did not make a finding of plaintiff's purported lack of diligence; rather, it dismissed the action for want of prosecution. This basis for dismissal is distinct from a 103(b) dismissal (*Wallace v. Smith* (1979), 75 Ill. App. 3d 739, 745, 394 N.E.2d 665, 669), and the trial court's power to dismiss a suit for want of prosecution exists independent of any statute or rule of court (*e.g., Hogan v. Braudon* (1976), 40 Ill. App. 3d 352, 354, 352 N.E.2d 303, 305, citing *Epley v. Epley* (1928), 328 Ill. 582, 585, 160 N.E. 113). It is thus evident that, unless we hold that plaintiff's lack of diligence is conclusively presumed because of the passage of 20 months from the time she filed suit to the time of the August 25, 1978, dismissal order, we have no basis for modifying the order as requested. Indeed, the effect of such a modification would be an appellate adjudication of the diligence question under Rule 103(b). Consequently, plaintiff would be denied her opportunity to present rebuttal evidence. We do not believe such a result would be consonant with the purpose of Rule 103(b).

In *Wallace v. Smith* (1979), 75 Ill. App. 3d 739, 394 N.E.2d 665, we stated that a motion to dismiss under this rule is addressed to the trial court's sound discretion. We also enumerated several factors courts examine in deciding whether plaintiff has exercised reasonable diligence in obtaining service of process, including: " '(1) the length of time used to

obtain service; (2) the activities of plaintiff; (3) any knowledge on part of plaintiff of defendant's location; (4) the ease with which defendant's whereabouts could have been ascertained; (5) the actual knowledge of defendant of pendency of the action; and (6) special circumstances which would affect the efforts made by plaintiff.'" (*Wallace*, 75 Ill. App. 3d 739, 744, 394 N.E.2d 665, 668, quoting *Piscitello v. Barton* (1978), 66 Ill. App. 3d 451, 453-54, 384 N.E.2d 47, 49-50.) We believe that consideration of all relevant factors by the trial court is necessary to ensure that a plaintiff's failure to obtain service is in fact an intentional delay subject to the sanction of dismissal with prejudice. See *Karpiel v. La Salle National Bank* (1970), 119 Ill. App. 2d 157, 255 N.E.2d 61.

■■ We recognize the importance of protecting a defendant's right to be timely served with process, so as to facilitate the investigation and defense of claims while evidence is fresh. Moreover, courts have acknowledged that Rule 103(b) safeguards against the undermining and circumvention of statutes of limitation. (*Alsobrook v. Cote* (1971), 133 Ill. App. 2d 261, 264, 273 N.E.2d 270, 272.) Thus, the burden is on a plaintiff to show reasonable diligence once the defendant makes a *prima facie* showing. (*Martin v. Lozada* (1974), 23 Ill. App. 3d 8, 318 N.E.2d 334.) In the pending case, however, it does not appear that plaintiff's diligence in obtaining service was in issue when the trial court dismissed plaintiff's first suit on August 25. Since defendants were not present at the proceeding, not having been served at the time, a Rule 103(b) dismissal would have had to be entered on the judge's own motion, after his *finding* that plaintiff failed to exercise due diligence. This was not done, and we refuse to hold either that the trial court had a mandatory duty to dismiss the cause with prejudice, or that it abused its discretion in the matter.

Having upheld the validity of the August 25 order, we further note that plaintiff had a year to refile her action under section 24 of the Limitations Act (Ill. Rev. Stat. 1979, ch. 83, par. 24a), which provides, in pertinent part:

> "[If] the action is dismissed for want of prosecution * * * *whether or not the time limitation for bringing such action expires during the pendency of such action*, the plaintiff * * * may commence a new action within one year or within the remaining period of limitation, whichever is greater, after * * * the action is dismissed for want of prosecution." (Emphasis added.)

Our supreme court has held that the right of a plaintiff to refile in such circumstances is absolute (*Aranda v. Hobart Manufacturing Corp.* (1977), 66 Ill. 2d 616, 620, 363 N.E.2d 796, 798), and that given the clear language of the statute, there is "no basis for engrafting upon section 24 an intent on the part of the General Assembly to exclude from its ambit all but the

'diligent suitor.' " *(Franzese v. Trinko* (1977), 66 Ill. 2d 136, 140, 361 N.E.2d 585, 587.) The supreme court thus has interpreted section 24a as an extension of the applicable statute of limitation *(Franzese).* As such, "plaintiff must be accorded a reasonable time *after refiling* his complaint within which to obtain service." (Emphasis added.) *Aranda,* 66 Ill. 2d 616, 620, 363 N.E.2d 796, 798.

In the pending case, plaintiff apparently obtained service in the September 5, 1978, refiled suit some time prior to Wilmot's motion, on March 1, 1979, to appear before the court in the original suit. Defendants could have challenged plaintiff's purported lack of diligence in the refiled suit. By choosing instead to challenge the dismissal order of the original suit defendants may have been concerned that the trial court would only assess the time span between plaintiff's filing of her second suit and the date of service on defendants in that case. Indeed, at least one supreme court justice has stated:

> "It would seem the span of time between the filing of the first complaint and the service of summons in the second case is wholly immaterial. Even if the first complaint is dismissed for want of prosecution long after the statute of limitations has expired, the General Assembly in the exercise of its constitutional powers has granted plaintiff an absolute right to refile within one year from the date of dismissal." *(Aranda v. Hobart* (1977), 66 Ill. 2d 616, 621, 363 N.E.2d 796, 799 (Dooley, J., specially concurring).)

Following this rationale, defendants' likelihood of prevailing on a Rule 103(b) motion in the refiled suit may have appeared slight. We are not required to determine that issue, however, as the refiled suit is not before us on this appeal. Nevertheless, we point out that the *Aranda* court's majority left open the question whether or not the trial court may consider an overall time span between the filing of the first complaint and the ultimate service of summons in the second case when assessing plaintiff's diligence. *(Aranda,* 66 Ill. 2d 616, 620, 363 N.E.2d 796, 799.) The court added a qualification, however:

> "[T]he period of time within which plaintiff must obtain service following the refiling of his suit under section 24 cannot be so abbreviated as to make the right granted by that section meaningless." 66 Ill. 2d 616, 621, 363 N.E.2d 796, 799.

We believe that the necessary inference of the supreme court's reasoning in *Aranda* and *Franzese* is that a plaintiff's right to refile under section 24a of the Limitations Act reflects an important legislative policy to permit cases to be determined on their merits when possible. (See *Roth v. Northern Assurance Co. Ltd.* (1964), 32 Ill. 2d 40, 48, 203 N.E.2d 415.) Adopting defendants' construction of Rule 103(b) under the circumstances of this case would conflict with that policy.

For the reasons set forth, we conclude that the trial court properly denied defendants' motions for leave to file appearances and to amend the August 25, 1978, order.

Affirmed.

SULLIVAN, P. J., and LORENZ, J., concur.