MARIANNE O'CONNOR, Plaintiff-Appellant, *v.* OHIO CENTENNIAL CORPORATION, Defendant-Appellee.

Third District   No. 3—83—0576

Opinion filed May 24, 1984.

Stephen J. West, of Ottawa, for appellant.

Daniel K. Russell, of Johnson, Martin & Russell, P.C., of Princeton, for appellee.

JUSTICE HEIPLE delivered the opinion of the court:

The plaintiff, Marianne O'Connor, filed a personal injury action against the defendant, Ohio Centennial Corporation. After the plaintiff's initial complaint was dismissed for want of prosecution a third time, having been dismissed for want of prosecution and reinstated on two prior occasions, the plaintiff refiled the complaint based on section 13—217 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 13—217). The circuit court of Bureau County then granted the defendant's motion to dismiss with prejudice the plaintiff's refiled complaint on the ground that the action was not commenced within the statutory time limit. (Ill. Rev. Stat. 1983, ch. 110, par. 2—615(a).) The plaintiff appeals.

On July 14, 1979, the plaintiff was injured. She filed her initial complaint (80—L—66), based on a theory of common law negligence, against the defendant on October 27, 1980. On December 12, 1980, the trial court ordered the plaintiff to obtain alias summons and service within 42 days or the cause would be dismissed for want of prosecution. On the court's motion, the plaintiff's initial complaint was dismissed for want of prosecution on February 6, 1981. The trial court reinstated the plaintiff's initial complaint, on the plaintiff's motion, on February 23, 1981. The statute of limitations expired on July 23, 1981.

On April 27, 1982, the trial court ordered the plaintiff to obtain summons and service within 42 days or the cause would be dismissed for want of prosecution. The plaintiff's initial complaint was again dismissed for want of prosecution, without prejudice, on the court's motion on June 28, 1982. On July 14, 1982, the trial court reinstated the plaintiff's initial complaint, on the plaintiff's motion. The plaintiff's initial complaint was dismissed for want of prosecution, without prejudice, for the third time on the court's motion on September 30, 1982.

On January 24, 1983, the plaintiff refiled her complaint (83—L—8) against the defendant. On August 4, 1983, the trial court granted the defendant's motion to dismiss with prejudice the plaintiff's refiled complaint.

The sole issue on appeal is whether the trial court erred in dismissing the plaintiff's refiled complaint on the ground that the applicable two-year statute of limitations was not tolled or extended by section 13—217 of the Code of Civil Procedure. Ill. Rev. Stat. 1983, ch. 110, par. 13—217.

The plaintiff contends that she had an absolute right to refile her personal injury complaint against the defendant under section 13—217 because the third dismissal of her initial complaint for want of prosecution was the only dismissal that was final and therefore, the plaintiff only availed herself of section 13—217 once. The defendant contends that after the plaintiff's initial complaint was dismissed a second time, the plaintiff necessarily invoked section 13—217 when her complaint was reinstated a second time because the statute of limitations had already run. Therefore, the defendant argues, the plaintiff cannot now use section 13—217 a second time to refile her complaint.

Section 13—217 of the Code of Civil Procedure provides in pertinent part that:

"[Where an] action is dismissed for want of prosecution *** then, whether or not the time limitation for bringing such action expires during the pendency of such action, the plaintiff *** may commence a new action within one year or within the remaining period of limitation, whichever is greater, after *** the action is dismissed for want of prosecution ***." (Ill. Rev. Stat. 1983, ch. 110, par. 13—217.)

Section 13—217 is remedial in nature and is to be liberally construed. (*Keilholz v. Chicago & North Western Ry. Co.* (1973), 10 Ill. App. 3d 1087, 295 N.E.2d 561, *rev'd on other grounds* (1974), 59 Ill. 2d 34, 319 N.E.2d 46.) It is not limited to only "the diligent suitor." *Franzese v. Trinko* (1977), 66 Ill. 2d 136, 361 N.E.2d 585.

■ Based on the facts in this case, we find that the plaintiff had the right, pursuant to section 13—217, to refile her complaint against the defendant. While the plaintiff's initial complaint was dismissed three times for want of prosecution, it was reinstated after the first two dismissals. Because each reinstatement placed the case in the same position it was in before dismissal, the first two dismissals were not final. Only the third dismissal was final because the complaint was not thereafter reinstated. Thus, there was one final dismissal for want of prosecution and the plaintiff only filed one "new action."

The cases cited by the defendant are distinguishable. *Luebbing v. Copley Memorial Hospital* (1978), 60 Ill. App. 3d 780, 377 N.E.2d 345, *Wallace v. Smith* (1979), 75 Ill. App. 3d 739, 394 N.E.2d 665,

and *Manuel v. Holder* (1979), 75 Ill. App. 3d 396, 394 N.E.2d 523, are distinguishable because they involved dismissals with prejudice under Supreme Court Rule 103(b), rather than dismissals for want of prosecution. (87 Ill. 2d R. 103(b).) Dismissals for lack of diligence in obtaining service under Rule 103(b) are distinct from dismissals for want of prosecution. *Green v. Wilmot Mountain, Inc.* (1980), 92 Ill. App. 3d 176, 415 N.E.2d 1076.

*Smith v. Chicago Transit Authority* (1978), 67 Ill. App. 3d 385, 385 N.E.2d 62, and *Harrison v. Woyahn* (7th Cir. 1958), 261 F.2d 412, are distinguishable because in both cases a complaint was filed and dismissed, a second complaint was filed and dismissed, and a third complaint was filed and dismissed. In the case at bar, there was only one new action, and so section 13—217 was only invoked once. The plaintiff did not use section 13—217 (formerly section 24 of "An Act in regard to limitations" (Ill. Rev. Stat. 1977, ch. 83, par. 24a)), to endlessly refile new cases against the defendant.

■■ A further point raised by the defendant can be stated in the form of the following question: When the trial judge dismissed the plaintiff's initial complaint for the second time after the statute of limitations had expired, should he have dismissed it under Rule 103(b) instead of dismissing it for want of prosecution?

A similar question was addressed by the court in *Green v. Wilmot Mountain, Inc.* (1980), 92 Ill. App. 3d 176, 415 N.E.2d 1076. In *Green*, the plaintiff's initial complaint was dismissed, without prejudice, for want of prosecution. The plaintiff then refiled his complaint against the defendant relying on former section 24. The defendant argued that under Rule 103(b) the trial court had no discretion to dismiss the plaintiff's complaint without prejudice because the plaintiff's failure to exercise reasonable diligence in obtaining service occurred after the statute of limitations had expired.

The appellate court in *Green* refused to say that the plaintiff's failure to serve the defendant until over 20 months after the statute of limitations had expired was a *per se* lack of diligence under Rule 103(b). Also, the court was not willing to speculate as to what showing, if any, was made to support the dismissal without prejudice because the record contained no report of the dismissal proceedings.

We believe that the reasoning in *Green* should also apply in the case at bar. As in *Green*, the record here contains no report of the dismissal proceeding, and in addition, contains no report of the reinstatement proceeding. The plaintiff's initial complaint was dismissed three times for "want of prosecution, without prejudice," on the court's own motion. Had the trial court determined that the plaintiff

had not exercised reasonable diligence after the statute of limitations expired in obtaining service, it should have stated in its order that the second dismissal of the plaintiff's initial complaint was with prejudice under Rule 103(b). However, the trial court did not do so.

For the foregoing reasons, the order of the circuit court of Bureau County is reversed and remanded.

Reversed and remanded.

ALLOY, P.J., and STOUDER, J., concur.