FRANK C. BALEY *et al.*, Plaintiffs-Appellants, v. JOSEPH F. TONTI *et al.*, Defendants-Appellees.

Second District   No. 2—87—1228

Opinion filed September 27, 1988.

Michael A. Cotteleer & Associates, of Wheaton (Michael A. Cotteleer, of counsel), for appellants.

Sam J. Filippo, of Grief, Bus & Blacklidge, P.C., of West Chicago, and Richard L. Lucas, of Richard L. Lucas & Associates, Ltd., of Addison, for appellee Dalton P. Grief.

Michael A. Reiter, of Holleb & Coff, of Chicago (Lori A. Goldstein, of counsel), for other appellees.

JUSTICE INGLIS delivered the opinion of the court:
This appeal arises from an order of the circuit court of Du Page County dismissing with prejudice plaintiffs' third action against defendants. Plaintiffs brought this action pursuant to section 13—217 of the Code of Civil Procedure (Code) (Ill. Rev. Stat. 1987, ch. 110, par. 13—217) permitting one refiling of an action following a voluntary dismissal or dismissal for want of prosecution. Plaintiffs' original action was abandoned after an adverse ruling by the trial court in that case, and plaintiffs' second action was dismissed for want of prosecution. The sole issue on appeal is whether plaintiffs' abandonment of their initial action constitutes a "dismissal" from which they were only entitled one refiling. We hold that it does not and reverse.

## ACTION ONE
On October 2, 1985, plaintiffs, Frank C. Baley, Ray J. Baley, and Baley's Inc., brought their original action against defendants, Joseph F. Tonti, Dalton P. Grief, and Tonti's International Classic Travel and

Tours, Ltd., seeking dissolution of a partnership and an accounting. Plaintiffs' complaint was brought in the circuit court of Du Page County and assigned cause No. 85 CH 893. On December 30, 1985, that case came before Judge John Teschner on defendants' motion to strike the complaint. Judge Teschner granted defendants' motion to strike counts II and III of the complaint and gave plaintiffs 21 days to amend those counts. Plaintiffs did not file an amended complaint in that case, and no further action was ever taken on that file.

ACTION TWO

On January 24, 1986, plaintiffs refiled their action as cause No. 86 CH 822 in the circuit court of Cook County. In their brief, plaintiffs characterize No. 86 CH 822 as a "revised complaint" and further state that "if any attempted abandonment occurred in connection with the filing of Cook County cause 86 CH 822 it was not an abandonment of plaintiffs' *cause of action*, but an attempt to abandon any further proceedings before Judge John Teschner in Du Page cause No. 85 CH 893." (Emphasis in original.) Defendants moved to transfer venue, and the circuit court of Cook County granted that motion and transferred the venue of No. 86 CH 822 to Du Page County to be consolidated with the previously filed Du Page County case. Neither plaintiffs nor defendants asked the Cook County court for consolidation. The cases were in fact not consolidated. Instead, the Du Page County clerk gave the transferred case the new Du Page County cause No. 86 CH 177 and assigned it to Judge Teschner.

Thereafter, the parties proceeded to litigate this action in No. 86 CH 177. On January 6, 1987, plaintiffs' current counsel substituted into the case. On February 18, 1987, plaintiffs filed an amended complaint in No. 86 CH 177. A pretrial conference was subsequently set for May 11, 1987. On that date, plaintiffs failed to appear for the pretrial conference, and the court dismissed No. 86 CH 177 for want of prosecution. That dismissal order was subsequently vacated, and the case was set for a status hearing on August 11, 1987. On that date plaintiffs again failed to appear for the status hearing, and the court again dismissed No. 86 CH 177 for want of prosecution. Judge Teschner indicated to plaintiffs' counsel that he would not entertain a motion to vacate that dismissal. Plaintiffs subsequently received a copy of Judge Teschner's August 11, 1987, dismissal order in No. 86 CH 177, and, noting that the order failed to state that the dismissal was for want of prosecution as prayed for by defendants, filed a motion to clarify that order *nunc pro tunc* to reflect its entry as an order of dismissal for want of prosecution. In response, defendants as-

serted that the dismissal should be with prejudice. On September 22, 1987, Judge Teschner granted plaintiffs' motion to clarify and modified his August 11, 1987, order *nunc pro tunc* to reflect the dismissal as being entered for "want of prosecution without prejudice to plaintiffs' right to refile within the time provided by law."

## ACTION THREE

On August 13, 1987, after the dismissal in No. 87 CH 177 and prior to the motion for clarification of that dismissal order, plaintiffs brought the instant action by refiling their complaint as Du Page County cause No. 87 CH 616 pursuant to section 13—217 of the Code (Ill. Rev. Stat. 1987, ch. 110, par. 13—217). That case was assigned to Judge John W. Darrah. On October 22, 1987, defendants filed a motion to dismiss No. 87 CH 616 with prejudice alleging that it was not the first refiling of plaintiffs' action after a dismissal and was therefore not permitted by section 13—217. At the same time, plaintiffs moved to consolidate No. 85 CH 893 with No. 87 CH 616. According to plaintiffs' reply brief, the motion to consolidate was brought to protect No. 85 CH 893 from an "involuntary dismissal" and to preclude defendants from arguing "that two final orders of dismissal had occurred in the litigation."

On December 4, 1987, Judge Darrah held a hearing on defendants' motion to dismiss and plaintiffs' motion to consolidate. At that hearing, defendants stipulated that Judge Teschner's August 11, 1987, order in No. 86 CH 177 was a dismissal for want of prosecution, and Judge Darrah agreed. Characterizing plaintiffs' failure to prosecute No. 85 CH 893 as a dismissal, defendants argued that the August 11, 1987, dismissal of No. 86 CH 177 was the second dismissal of plaintiffs' action and thus precluded plaintiffs from refiling the instant action pursuant to section 13—217. Plaintiffs argued in response that Judge Teschner rejected a similar argument made by defendants in opposing the motion to clarify that order and asserted that his ruling was *res judicata* on defendants' motion to dismiss. Judge Darrah granted defendants' motion to dismiss without reaching the question of *res judicata*. Judge Darrah stated that the same lawsuit had been filed by plaintiffs against defendants three times: first as No. 85 CH 893, then as No. 86 CH 822 (subsequently No. 86 CH 177), and finally as No. 87 CH 616. Both plaintiffs' counsel and the court concluded that Judge Teschner was not aware of the existence of No. 85 CH 893 when he dismissed No. 86 CH 177. Judge Darrah further noted that No. 85 CH 893 was last scheduled for activity on August 17, 1987, at which time it was set for a status call. Although that file indicated

that counsels' failure to appear would result in a dismissal pursuant to supreme court rule, it was silent as to any activity occurring on that date, and no dismissal order was ever entered. After concluding that the case was simply removed from the call, Judge Darrah stated:

> "I think in all fairness to all parties that has to be construed as either dismissal or some abandonment of the prosecution of this lawsuit voluntarily by the Plaintiffs through their then duly authorized attorneys.
>
> *  *  *
>
> *** [I]t still appears that in light of my findings as to the disposition of 85 CH 893 that the dismissal for want of prosecution which occurred on August 11th [in 86 CH 177] giving [plaintiffs] the benefit of this nunc pro tunc application was the second time that occurred. And the cases that [plaintiffs] have cited clearly support the proposition that the enabling act only permits a reinstatement one time for a DWP.
>
> *  *  *
>
> For all the reasons set out in the Defendants' memorandum and particularly looking at the history of this lawsuit as a whole, I am going to dismiss the motion [*sic*]."

The trial court did not rule on plaintiffs' motion to consolidate and subsequently entered its order granting defendants' motion to dismiss No. 87 CH 616 with prejudice. Plaintiffs brought this timely appeal.

Plaintiffs contend that the trial court's decision was error since no final order of dismissal has ever been entered in No. 85 CH 893. Plaintiffs argue that since the dismissal for want of prosecution entered in No. 87 CH 177 constitutes the first and only final dismissal of their action, plaintiffs had an absolute right to refile the instant action within one year of that dismissal pursuant to section 13—217. Defendants respond that a final order of dismissal in No. 85 CH 893 is not required since plaintiffs abandoned their prosecution of that case and refiled their action as No. 86 CH 822 (subsequently No. 86 CH 177) thus constituting their first invocation of section 13—217. Defendants argue that section 13—217 was intended to protect only diligent plaintiffs and the history of the litigation between these parties demonstrates that the spirit of section 13—217 was served by the first refiling.

Section 13—217 provides:

> "In the actions specified in Article XIII of this Act or any other act or contract where the time for commencing an action is limited, if judgment is entered for the plaintiff but reversed on appeal, or if there is a verdict in favor of the plaintiff and,

upon a motion in arrest of judgment, the judgment is entered against the plaintiff, or the action is voluntarily dismissed by the plaintiff, or the action is dismissed for want of prosecution, or the action is dismissed by a United States District Court for lack of jurisdiction, then, whether or not the time limitation for bringing such action expires during the pendency of such action, the plaintiff, his or her heirs, executors or administrators may commence a new action within one year or within the remaining period of limitation, whichever is greater, after such judgment is reversed or entered against the plaintiff, or after the action is voluntarily dismissed by the plaintiff, or the action is dismissed for want of prosecution, or the action is dismissed by a United States District Court for lack of jurisdiction." (Ill. Rev. Stat. 1987, ch. 110, par. 13—217.)

The purpose of section 13—217 is to facilitate the disposition of litigation upon the merits and to avoid its frustration upon grounds that are unrelated to the merits. (*Gendek v. Jehangir* (1988), 119 Ill. 2d 338, 343.) However, section 13—217 and its predecessor statute have been held to permit a plaintiff to refile his action only once after a dismissal. (See *Gendek*, 119 Ill. 2d at 343-44; *Smith v. Chicago Transit Authority* (1978), 67 Ill. App. 3d 385, 387-88.) Thus, the statute acts as a limited extension to prevent injustice and does not permit a party to harass a defendant by repeatedly renewing litigation. See *Gendek*, 119 Ill. 2d at 343; *Smith*, 67 Ill. App. 3d at 388.

It seems clear that, had a judgment or final dismissal order been entered in No. 85 CH 893, the litigation between these parties would have ended on August 11, 1987, when the second action was dismissed. However, there is no judgment or final order of dismissal of record in that case, and we are saddled with the task of determining what effect that case, or more accurately, plaintiffs' lack of action in that case, has on plaintiffs' statutory right to refile their action after the dismissal for want of prosecution in the second case.

In support of their position that the absence of a dismissal order in No. 85 CH 893 permits them to file their action a third time against defendants, plaintiffs rely heavily on *O'Connor v. Ohio Centennial Corp.* (1984), 124 Ill. App. 3d 281. Plaintiffs assert that *O'Connor* stands for the proposition that the one new action which may be filed pursuant to section 13—217 *must follow a final order of dismissal.* Plaintiffs further quote *O'Connor* as declaring:

" 'No "abandonment" or "dismissal" or other procedural problems in a case have any effect on Plaintiffs [*sic*] right to refile under §13—217 unless such refiling is the second filing after a

final order disposing of the litigation.' "

It should be noted that the above quoted language does not appear anywhere within the *O'Connor* decision. When confronted with this discrepancy at oral argument, plaintiffs' counsel conceded that it was error and further confessed that he was "surprised" that the language was so specific or that his authority was so precise. Courts of review should not be placed in the position of admonishing attorneys regarding such errors. By doing so here it is our intention to deter counsel from making such errors in the future.

On its merits, *O'Connor* is clearly distinguishable from the instant action. In *O'Connor*, the plaintiff's initial action was dismissed for want of prosecution three times. (124 Ill. App. 3d at 282.) The plaintiff's complaint was reinstated after the first and second dismissals. (124 Ill. App. 3d at 282.) Rather than seek reinstatement after the third dismissal, the plaintiff refiled his action. (124 Ill. App. 3d at 282.) The plaintiff's refiled action was dismissed with prejudice, and the plaintiff appealed. (124 Ill. App. 3d at 282-83.) On appeal, the defendant argued that the plaintiff first invoked section 13—217 when her complaint was reinstated after the second dismissal since the statute of limitations on her action had expired by that time. (124 Ill. App. 3d at 283.) The court rejected the defendant's argument, stating that "[b]ecause each reinstatement placed the case in the same position it was in before dismissal, the first two dismissals were not final." (124 Ill. App. 3d at 283.) The court reasoned that only the third dismissal was final because the complaint was not thereafter reinstated. (124 Ill. App. 3d at 283.) Thus, the court concluded that there was only one final dismissal for want of prosecution and the plaintiff filed only one new action. (124 Ill. App. 3d at 283.) In so ruling, *O'Connor* distinguished the case before it from cases where *multiple complaints* had been filed and dismissed. 124 Ill. App. 3d at 284.

In the instant action, unlike *O'Connor*, plaintiffs filed multiple actions against defendants. Thus, *O'Connor* is not dispositive of the issue before the court. However, the problem still remains that the first of plaintiffs' actions was never host to a judgment or final order of dismissal. Defendants make a persuasive argument that such an order was not necessary under the facts of this case since plaintiffs' conduct in filing their second action demonstrates that they took advantage of section 13—217 notwithstanding the absence of a dismissal order in the initial action. Defendants cite no authority, nor are we aware of any, which applies such a broad reading to section 13—217.

■ We agree that plaintiffs' conduct in this litigation has not been a model of excellence. Indeed, plaintiffs' counsel confessed at

oral argument that the litigation was, in his words, "a mess." After plaintiffs' initial action suffered from an adverse ruling on the complaint, plaintiffs failed to obey a court order to file an amended complaint and instead filed a new action in a different venue. Plaintiffs proceeded to litigate their cause in the second action after it was transferred back to Du Page County. Plaintiffs concede that their conduct has left their initial action intact and technically capable of resurrection. Such a result in our view is unconscionable as plaintiffs should not be permitted to maintain two identical actions against defendants at the same time. However, notwithstanding our disapproval of plaintiffs' conduct, we are constrained to hold that plaintiffs' abandonment of their initial action, absent a judgment or order of dismissal, does not constitute a dismissal of that action.

We note that early appellate decisions interpreting the predecessor statute to section 13—217 focused on the conduct of the plaintiffs and the spirit of the statute in determining the statute's applicability. (See *Sandman v. Marshall Field & Co.* (1975), 27 Ill. App. 3d 427, 430-31; *Ray v. Bokorney* (1971), 133 Ill. App. 2d 141, 145-46; *Tidwell v. Smith* (1965), 57 Ill. App. 2d 271, 274.) In *Tidwell*, the court introduced an exception to the statute providing that a plaintiff's self-initiated delay amounting to a virtual abandonment of his cause of action precludes him from seeking relief under the statute. (*Tidwell*, 57 Ill. App. 2d at 274; see also *Sandman*, 27 Ill. App. 3d at 431 (statute enacted to aid diligent litigants whose opportunity for a hearing on the merits of a suit is frustrated by some technicality of procedure and was not intended to be used as a refuge for litigants whose suits are dismissed because of negligence or dilatory tactics).) Recently, our supreme court reaffirmed the consideration of a plaintiff's diligence as a factor in determining the applicability of the statute. (See *Gendek v. Jehangir* (1988), 119 Ill. 2d 338, 343.) That court stated:

"We agree with our appellate court, however, that the provision was intended to serve as an aid to the diligent, not a refuge for the negligent. (See, *e.g., Tidwell v. Smith* (1965), 57 Ill. App. 2d 271, 274-75.) Accordingly, we find that the provision was not intended to permit multiple refilings following voluntary dismissals of an action for which the original statute of limitations has lapsed. A contrary interpretation would foster abuse of the judicial system by allowing a nondiligent plaintiff to circumvent (through repeated filings and dismissals of substantially identical actions) the otherwise applicable statute of limitations. We cannot conclude that the General Assembly intended such a result." 119 Ill. 2d at 343.

While we believe that plaintiffs' conduct in the instant action was no less negligent or dilatory than the plaintiffs' in the above-cited cases, we do not find sufficient authority in those cases for the broad reading of the statute urged here. Unlike the above-cited cases, no *order dismissing* plaintiffs' initial action was entered here. We note that the *Gendek* court, in addressing what would be an abuse of the statute, spoke in terms of "repeated filings and *dismissals*." (Emphasis added.) (*Gendek*, 119 Ill. 2d at 343.) Moreover, in an early case considering the predecessor statute to section 13—217, this court addressed the moment in which a plaintiff's right to refile begins, stating:

> "The statute specifically refers to a judgment given against the plaintiff rather than an affirmance of a judgment against the plaintiff. Plaintiff would have us construe the statute which states '*** judgment given against the plaintiff' to mean '*** judgment affirmed against the plaintiff.' The language used by the legislature is clear and does not admit of construction. There is no ambiguity present and construction would not be proper." *Sager Glove Corp. v. Continental Casualty Co.* (1962), 37 Ill. App. 2d 295, 299.

Similarly, in the absence of authority finding that an abandonment constitutes a dismissal, we are reluctant to read such an interpretation into section 13—217. Therefore, we are constrained to reverse the judgment of the circuit court of Du Page County dismissing plaintiffs' third action with prejudice.

Accordingly, the judgment of the circuit court of Du Page County is reversed.

Reversed.

REINHARD and DUNN, JJ., concur.