FREDERICK H. WACHSMUTH et al. Appellants, vs. PENN MUTUAL LIFE INSURANCE COMPANY et al. Appellees.

*Opinion filed December 17, 1907.*

1. APPEALS AND ERRORS—*when a freehold is not involved.* Although litigation may result in the loss of a freehold, yet no freehold is involved if the defendant may arrest the proceeding and prevent a disturbance of his title by making payment, discharging a lien or doing some act to arrest the sale.

2. SAME—*ordinary petition to sell land involves only a question of lien and not of freehold.* A proceeding by executors to sell land for debts of the estate, to which the purchaser at a foreclosure sale under a mortgage given by the deceased is made a party, together with his grantee, involves only the question whether the land is subject to sale for payment of the debts of the estate and does not involve a freehold.

APPEAL from the Probate Court of Cook county; the Hon. CHARLES S. CUTTING, Judge, presiding.

Henry F. Wachsmuth died in November, 1900, leaving a will, which was admitted to probate, and appellants were appointed executors. With other real estate he owned two lots on Forty-seventh street, in the city of Chicago, which he devised to his son, Louis C. Wachsmuth, one of the appellants. Between three and four months after Henry F. Wachsmuth's death, while his estate was in process of administration, Louis F. Wachsmuth, the devisee of the Forty-seventh street property, mortgaged it for $15,000, with which amount a mortgage for $11,000, which had been placed upon the property by Henry F. Wachsmuth in his lifetime, was paid. Default having been made on the $15,000 mortgage, the appellee the Penn Mutual Life Insurance Company, which had become its owner, foreclosed it, bought the property for the amount of the decree, and, no redemption being made, obtained a deed for the property on October 20, 1904. The property was afterward conveyed to

one Hoey, who conveyed it to Baumgarden, one of the appellees, subject to a mortgage given by Hoey and held by the Penn Mutual Life Insurance Company. Louis C. Wachsmuth and Frederick H. Wachsmuth, as executors of Henry F. Wachmuth's will, were made parties to the suit to foreclose the $15,000 mortgage, as were also the devisee, Louis C. Wachsmuth, individually, and his wife. On April 7, 1906, Henry F. Wachsmuth's executors filed a petition in the probate court of Cook county to sell this property to pay the debts of the testator. Baumgarden, the owner, and the Penn Mutual Life Insurance Company, the mortgagee, were made defendants. A plea was filed by the latter setting forth the making of the mortgage by Louis C. Wachsmuth, and the proceedings for its foreclosure and the sale and deed, and insisting that thereby the executors were estopped from asserting any right to sell the property for the payment of debts. Baumgarden answered, setting up the same proceedings and other matters of defense, and filed a cross-bill praying to be subrogated to the rights of the $11,000 mortgage, and to have the title confirmed in him free from any right of the executors to sell the property to pay debts of their testator. The plea of the Penn Mutual Life Insurance Company was overruled, but upon a hearing of the issues made upon the petition and cross-petition the court dismissed them both. The executors have appealed to this court, and Baumgarden and the Penn Mutual Life Insurance Company have assigned cross-errors.

WILLIAM GARNETT, (MORAN, MAYER & MEYER, of counsel,) for appellants.

CHARLES L. BARTLETT, for appellee the Penn Mutual Life Insurance Company.

ASHCRAFT & ASHCRAFT, (HARRISON B. RILEY, of counsel,) for appellee Bernard Baumgarden.

Mr. JUSTICE DUNN delivered the opinion of the court:

This appeal should have gone to the Appellate Court. No freehold is involved and there is no other ground for an appeal to this court. In an ordinary petition by an administrator to sell real estate no freehold is involved. (*Frier* v. *Lowe,* 207 Ill. 410; *Fields* v. *Coker,* 161 id. 186.) It is only in cases where the title is put in issue that a direct appeal lies to this court. (*Lynn* v. *Lynn,* 160 Ill. 307; *Richie* v. *Cox,* 188 id. 276; *Roberson* v. *Tippie,* 215 id. 119.) "A freehold is involved, within the sense and contemplation of the constitution and the statute, only in cases where either the necessary result of the judgment or decree is that one party gains and the other loses a freehold estate, or where the title is so put in issue by the pleadings that the decision of the case necessarily involves a decision of such issue." (*Malaer* v. *Hudgens,* 130 Ill. 225; *VanTassell* v. *Wakefield,* 214 id. 205.) Where the question is as to the existence of a lien on land no freehold is involved. Though the litigation may possibly result in the loss of a freehold, yet no freehold is involved if the defendant may arrest the proceeding, defeat the object of the suit and prevent a disturbance of his title by making payment, discharging a lien or doing some act to arrest the sale. (*Ducker* v. *Wear & Boogher Dry Goods Co.* 145 Ill. 653; *Chicago, Burlington and Quincy Railroad Co.* v. *Watson,* 105 id. 217.) Where there is no claim of an adverse title to be adjudicated, the only effect of a decree is to subject the land to sale for the payment of the debts of the estate. The payment of such debts would relieve the land from any effect of the decree, and in such case no freehold is involved. *Thomas* v. *Waters,* 213 Ill. 141; *Richie* v. *Cox,* 188 id. 276.

It is conceded in this case that Baumgarden has the title in fee, and that he derives his title remotely from Henry F. Wachsmuth, who is conceded to have died owning the land. There can be no adjudication as to Baumgarden's title in

this proceeding. It is in no way questioned. The only controversy is whether the land is subject to the lien of the unpaid debts of Henry F. Wachsmuth's estate.

The appeal will be transferred to the Appellate Court for the First District.                *Appeal transferred.*