THE CHICAGO TITLE AND TRUST COMPANY, Trustee, Defendant in Error, *vs.* JAMES N. TILTON *et al.* Plaintiffs in Error.

*Opinion filed October 26, 1912—Rehearing denied Dec. 4, 1912.*

1. FREEHOLD—*when a freehold is not involved.* A freehold is not involved in a foreclosure case where the issue raised by the pleadings is whether the title of certain parties is subject to or free from the lien of the trust deed sought to be foreclosed.

2. PRACTICE—*effect of dismissal of consolidated cause.* Where an order dismissing a consolidated cause provides that it may be set aside, on good cause shown, before a certain date, any subsequent order vacating and setting aside the order of dismissal must be entered under the proper number and title of the consolidated cause, and an order entered under the number and title of one of the two causes so consolidated, without notice to the parties in the consolidated cause, is not binding upon them.

3. SAME—*parties are out of court on dismissal of suit.* Upon the dismissal of a suit the parties are out of court, and no further proceedings are authorized until the judgment of dismissal is vacated and the cause re-instated.

WRIT OF ERROR to the Branch "B" Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. ALBERT C. BARNES, Judge, presiding.

A. N. TAGERT, for plaintiffs in error.

CASTLE, WILLIAMS, LONG & CASTLE, (CHARLES L. BARTLETT, and SHERMAN C. SPITZER, of counsel,) for defendant in error.

256 — 7

Mr. JUSTICE CARTER delivered the opinion of the court:

This is a bill to foreclose a trust deed, filed by defendant in error on December 18, 1906, in the superior court of Cook county, Illinois. That court, after a reference to a master, sustained exceptions to his report and ordered the amended bill dismissed for want of equity. Upon appeal the Appellate Court for the First District reversed the decree and remanded the cause, with directions to overrule the exceptions filed to the master's report and enter a decree in conformity therewith. The case has been brought here on petition for *certiorari.*

On or about March 25, 1893, James N. Tilton borrowed $2500 from Kuhn Bros. & Spengler, a firm of loan brokers, and evidenced the same by notes secured by trust deed to Frank C. Kuhn, as trustee, on certain real estate in Cook county, the trust deed being recorded March 29, 1893. On May 24, 1893, Kuhn Bros. & Spengler sold the notes and trust deed to Lydia R. Hicks for the face value thereof. Three days later, May 27, the S. Wheelock Company filed a bill in the circuit court of Cook county to foreclose a mechanic's lien for $399.66, claimed to be due for lumber furnished for the construction of a building on the premises described in the trust deed. Summons was served at various times within the next twelve days on Adolph A. Kuhn, Frank C. Kuhn and John C. Spengler, who composed the firm of Kuhn Bros. & Spengler, and upon James N. Tilton. Neither Lydia R. Hicks, nor Frank C. Kuhn as trustee, nor the "unknown owners" of the notes, were made parties to the suit. April 20, 1898, default was entered against the two Kuhn brothers and Spengler for failure to answer. December 28, 1898, Lydia R. Hicks sold the notes and trust deed for the amount due thereon, to the firm of Kuhn Bros., then composed of Adolph A. and Frank C. Kuhn, Spengler having withdrawn from the firm. Kuhn Bros. continued to own the note and trust deed un-

til they were declared bankrupt, May 7, 1900, by the United States district court, defendant in error being appointed trustee in bankruptcy. June 21, 1899, Charles S. Cutting, who claimed to be the legal holder of the note, and Frank C. Kuhn, as trustee, filed a bill in the superior court of Cook county to foreclose the trust deed. The trustee in bankruptcy was not made a party to either of these suits. On April 24, 1901, an order was entered in the mechanic's lien case transferring that cause to the superior court, and thereafter an order was entered in the last named court consolidating the two cases under the title and number of the trust deed foreclosure proceedings, that number being 199,701. Notwithstanding the consolidation the mechanic's lien case was given a separate number (213,931) in the superior court clerk's office. On May 19, 1903, case No. 199,701 was dismissed for want of prosecution on general call, with leave to re-instate by either party, on good cause shown, before June 30, 1903. June 1, 1903, the following order was entered in the superior court in case No. 213,931, and under the title of that case, (*Wheelock Co.* v. *Ashton et al.*) on motion of the complainant in said mechanic's lien proceeding: "This cause coming on this day to be heard on the motion of the complainant therein to set aside the order of this court of May 19, 1903, dismissing said cause, and to set aside a previous order herein consolidating said cause with the case of *Cutting* v. *Tilton,* general No. 199,701, in this court, it is ordered by the court that the order of dismissal entered in the above entitled cause on May 19, 1903, be and the same is hereby set aside and annulled, and the previous order of this court consolidating the above entitled cause is also hereby set aside and vacated." The record does not show that notice of this motion was given to Charles S. Cutting, Frank C. Kuhn, trustee, their solicitors, or any of the parties to the consolidated cause. The mechanic's lien proceeding, under the title of *Wheelock Co.* v. *Ashton et al.* No. 213,931, was

carried along, step by step, until a decree was entered finding a lien in favor of complainant for $399.65, a master's sale held and a master's deed executed to Nellie Kingsley of the premises described in the trust deed, the master's deed being recorded October 24, 1906. James N. Tilton's first wife having died, he subsequently married said Nellie Kingsley. No steps were taken in the consolidated cause, general No. 199,701, or any proceedings in said original foreclosure cause, after the order dismissing the consolidated cause for want of prosecution.

Plaintiffs in error contend that a freehold is involved in this case and that it should have been brought from the trial court directly to this court. The issue raised by the pleadings is whether the title of plaintiffs in error is subject to or free from the lien of the trust deed sought to be foreclosed herein. No freehold is involved. *Wachsmuth* v. *Penn Life Ins. Co.* 231 Ill. 29; *Martin* v. *Small,* 254 id. 128; *Zimmer* v. *Farr,* 225 id. 457.

Defendant in error insists that the decree of the circuit court cannot be upheld, first, because the mechanic's lien suit having been consolidated with the trust deed foreclosure and the consolidated suit having been dismissed, the court lost jurisdiction over Kuhn Bros., which was never regained; second, because the alleged priority of said mechanic's lien over the trust deed was not and could not be litigated in a lien suit under the pleadings filed therein; third, because defendant in error succeeded to the title of Kuhn Bros. by operation of law and not by voluntary transfer pending the lien suit and was not made a party thereto; fourth, because the force of the *lis pendens* of said lien suit was lost as to said Kuhn Bros. and defendant in error by the *laches* of the complainant, the Wheelock Company, in the prosecution of said lien suit; fifth, because the superior court erred in dismissing the defendant in error's bill for want of equity without granting a personal decree against Tilton for the amount due upon the trust deed.

The mechanic's lien suit was transferred to the superior court, as shown by the order of the circuit court, for the declared purpose of being consolidated with said original foreclosure suit, and by the order entered in the superior court was consolidated with said foreclosure suit, general No. 199,701, and it was specifically provided in said order that said consolidated cause should thereafter be "known and designated as general No. 199,701 in this court, and that all the pleadings and proceedings in this cause from this date be entitled and taken to be had in the said consolidated cause." On the dismissal of a suit the parties are out of court, and all further proceedings are unauthorized until the judgment of dismissal is vacated and the cause re-instated. (*Goodrich* v. *Huntington*, 11 Ill. 646; *Guyer* v. *Wilson*, 139 id. 392; 6 Ency. of Pl. & Pr. 978; 14 Cyc. 458.) The order of dismissal in the consolidated cause stated that it could be set aside, on good cause shown, on or before June 30, 1903. To comply therewith an order vacating and setting aside the dismissal order must have been entered in the consolidated case under its proper title and number, and not under the title and number of the mechanic's lien suit. The order dismissing the consolidated cause was entered at the May term, 1903, while the order in the mechanic's lien suit attempting to set aside that order was made at the following June term. This order, entered without notice, was not binding upon the parties to the consolidated suit. *Smith* v. *Wilson*, 26 Ill. 186.

The conclusion we have reached on this question renders it unnecessary to discuss the other objections to the decree of the superior court raised by defendant in error.

The judgment of the Appellate Court must be affirmed.

*Judgment affirmed.*