TONY GENTILE, Adm'r of the Estate of Anthony Gentile, Deceased, Plaintiff-Appellee, v. GEORGE HANSEN et al., Defendants-Appellants.

First District (4th Division) No. 83—2187

Opinion filed October 4, 1984.—Rehearing denied April 8, 1985.

---

John Elson, of Chicago, for appellants.

Del Preto & Miglore and Avrom Greenberg, law student, both of Chicago, for appellee.

JUSTICE ROMITI delivered the opinion of the court:

Defendant George Hansen appeals from the order of the Cook County circuit court entered August 10, 1983, which vacated *nunc pro tunc* a prior Cook County circuit court order of May 13, 1980, dismissing for want of prosecution (DWP) the wrongful death claim of plaintiff Tony Gentile, administrator of the estate of Anthony Gentile. Defendant also appeals from the trial court's subsequent denial of his motion for reconsideration of the court's August 10 *nunc pro tunc* order. Defendant raises three issues for our review:

(1) whether the trial court committed reversible error in vacating the May 10, 1980, DWP order over three years after its entry on the ground that the dismissal order was void;

(2) whether the trial court committed reversible error in vacating

the order through the entry of a *nunc pro tunc* order;

(3) whether the doctrine of *laches* bars plaintiff from attacking the dismissal order under the facts and circumstances of the case at bar.

We find that the trial court's order vacating the DWP order and denying defendant's motion for reconsideration are interlocutory orders and dismiss the action for lack of appellate jurisdiction.

Plaintiff's wrongful death claim, filed October 18, 1974, alleged that Anthony Gentile died as a result of gunshot wounds inflicted by George Hansen. A separate count of the complaint, predicated on a duty to control dangerous weapons, alleged that Richard Hansen was liable for the shooting death of Anthony Gentile because he knew or should have known that George had kept the handgun, with which he allegedly shot Gentile, in the house which Richard and George shared. Richard Hansen was subsequently dismissed from the action and is not a party to this appeal. Consequently, his actions in the case will not be restated here.

In 1974, the only pertinent event in the case was the court's order of November 21 which stayed discovery proceedings for 90 days as to George and extended by 90 days the time for him to answer or otherwise plead. The court granted this stay and extension because George was then facing prosecution for the murder of Anthony Gentile and had asserted his privilege to be free from self-incrimination as grounds for his refusal to submit to discovery or answer plaintiff's complaint.

In 1975 George twice obtained substitute counsel, filed nonresponsive answers to plaintiff's interrogatories which again asserted his fifth amendment right, and obtained another court order which again extended, by 120 days, his time to answer or otherwise plead to plaintiff's complaint.

In mid-1976 George obtained another court order which extended for 120 days his time to answer and stayed discovery proceedings for the same period. He subsequently made a similar motion for such relief over a year later in 1977, but the record contains no court disposition of this motion.

George took no action in the case during 1978; the court granted several general continuances during this period, and ruled on matters pertaining to Richard Hansen's dismissal from the action.

In 1979 the case was again continued generally on several occasions. The only indication in the record of George's participation was a motion in December to stay proceedings as to him because he was serving a sentence based on his conviction of murder and had not yet exhausted his appellate rights to challenge this conviction. The court

continued all pending matters for a status report for four months' time, until May 1980. On May 13, 1980, the court entered its order dismissing the case for want of prosecution. Subsequent to this order, the parties to this appeal took, *inter alia*, the following action:

| | |
|---|---|
| 18 June 1980 | George filed *pro se* motion to answer his attorney's motion to withdraw |
| 19 June 1980 | Attorney Schmitt filed motion to withdraw as counsel for George |
| 19 June 1980 | Court granted attorney Schmitt's motion to withdraw and ordered George to file *pro se* appearance or find an attorney to represent him on or before July 31, 1980 |
| 2 July 1980 | George's "Motion to Inform the Court that Defendant Is Incarcerated and Is Making Every Effort to Obtain Another Counsel" filed |
| 12 August 1980 | George's motion for an extension of time in which to obtain counsel filed |
| 12 August 1980 | Court entered agreed order granting George an additional 45 days to obtain counsel |
| 3 October 1980 | Court entered agreed order granting George an additional 45 days to obtain counsel |

The record reflects that the court orders of August 12 and October 3, which granted extensions, were agreed to, and indeed drafted by, plaintiff's counsel. George was still incarcerated for his criminal conviction on these dates.

Almost three years later, on August 10, 1983, plaintiff filed its motion to vacate the May 13, 1980, dismissal order. The record does not contain a copy of this motion, nor any supporting memoranda which plaintiff may have filed in this regard. On this date, the court also granted George's substitute counsel leave to file his appearance on George's behalf. In another order of the same date, the court granted plaintiff's motion to vacate the DWP order.

On September 2, George again obtained substitute counsel, who motioned the court to reconsider its August 10 order vacating the dismissal order. The trial court apparently denied this reconsideration motion on September 7; a copy does not appear in the record, but is included as an appendix in George's appellate brief. On September 8, George filed his notice of appeal of the court's August 10 and Septem-

ber 7 orders.

Neither party to the case at bar has questioned the trial court's jurisdiction to entertain plaintiff's motion with regard to the dismissal order, nor has either questioned this court's appellate jurisdiction over the propriety of the trial court's vacation of this order. Upon due consideration of these questions, which this court may do *sua sponte (Peter Fischer Import Motors, Inc. v. Buckley* (1984), 121 Ill. App. 3d 906, 909, 460 N.E.2d 346; *Buckley v. Chicago Board Options Exchange, Inc.* (1982), 109 Ill. App. 3d 462, 466, 440 N.E.2d 914), we conclude that the trial court's orders from which George appeals were interlocutory in nature and therefore dismiss the cause for lack of appellate jurisdiction.

Generally, a trial court retains jurisdiction over an action until all issues of fact and law have been finally determined and a final judgment entered thereon. (*Whitley v. Lutheran Hospital* (1979), 73 Ill. App. 3d 763, 766, 392 N.E.2d 729; *Griffin v. Billberry* (1971), 1 Ill. App. 3d 219, 222, 273 N.E.2d 693.) Once a final order has been entered, the trial court retains residual jurisdiction over the matter for 30 days. (*Spears v. Spears* (1977), 52 Ill. App. 3d 695, 697, 367 N.E.2d 1004; see Ill. Rev. Stat. 1983, ch. 110, par. 2—1203.) Relief from such a final order after the expiration of this 30-day period may be obtained through a motion pursuant to section 2—1401 of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—1401). A motion under this section of the Code is deemed a new action rather than a continuation of the original action in which final judgment was rendered. (Ill. Rev. Stat. 1983, ch. 110, par. 2—1401(b); see, *e.g., Steinberg's Department Store, Inc. v. Baysingar* (1980), 86 Ill. App. 3d 1140, 1145, 409 N.E.2d 8.) The granting or denial of such a motion is a final and appealable order. 87 Ill. 2d R. 304(b)(3); see, *e.g., Slates v. International House of Pancakes, Inc.* (1980), 90 Ill. App. 3d 716, 722-23, 413 N.E.2d 457.

■ Once a trial court loses jurisdiction through the passage of 30 days after the entry of its judgment, it may nevertheless be subsequently revested with jurisdiction over the cause. In order for this doctrine of revestment to apply, "the parties must actively participate without objection in proceedings which are inconsistent with the merits of the prior judgment. [Citations.]" (*People v. Kaeding* (1983), 98 Ill. 2d 237, 241, 456 N.E.2d 11 (citations omitted).) By doing so, the "litigants *** revest a court which has general jurisdiction over the matter with both personal and subject matter jurisdiction over the particular cause after the 30-day period following final judgment during which post-judgment motions must ordinarily be filed. [Cita-

tions.]" *People v. Kaeding* (1983), 98 Ill. 2d 237, 240, 456 N.E.2d 11.

 The doctrine of revestment applies to actions which are dismissed for want of prosecution. (See, *e.g., Slavick v. Michael Reese Hospital & Medical Center* (1980), 92 Ill. App. 3d 161, 166, 415 N.E.2d 1060; *Johnson v. Empire Mutual Insurance Co.* (1979), 70 Ill. App. 3d 780, 388 N.E.2d 1042.) Conduct which is inconsistent with the dismissal order is any which can be reasonably construed as an indication that the parties do not view the order as final and binding. (See *Ridgely v. Central Pipe Line Co.* (1951), 409 Ill. 46, 97 N.E.2d 817 (request for leave to amend answer); *In re Marriage of Ransom* (1981), 102 Ill. App. 3d 38, 429 N.E.2d 594 (filing of personal appearance and responsive pleadings); *Esin v. Liberty Mutual Insurance Co.* (1981), 99 Ill. App. 3d 75, 424 N.E.2d 1307 (appearance, briefing, argument on motion for summary judgment); *Faust v. Michael Reese Hospital & Medical Center* (1979), 79 Ill. App. 3d 69, 398 N.E.2d 287 (participation in appeals); *Johnson v. Empire Mutual Insurance Co.* (1979), 70 Ill. App. 3d 780, 388 N.E.2d 1042 (request for leave to amend answer); *Asumendi v. Fortman* (1978), 58 Ill. App. 3d 186, 374 N.E.2d 20 (answer to motion to vacate default judgment, motion to amend complaint).) Once the trial court has been revested with jurisdiction, the party who would benefit from the dismissal order, by appearing before the trial court without questioning the court's jurisdiction, has waived his right to later argue the validity and enforceability of the order. (*People v. Kaeding* (1983), 98 Ill. 2d 237, 241, 456 N.E.2d 11; *Asumendi v. Fortman* (1978), 58 Ill. App. 3d 186, 190, 374 N.E.2d 20; *Stevens v. City of Chicago* (1970), 119 Ill. App. 2d 366, 372-73, 256 N.E.2d 56.) Moreover, "[a]s all further proceedings upon the merits of a previously dismissed action are inconsistent with a prior order dismissing the action, it follows that any further proceeding upon the merits of a cause operates to nullify the order of dismissal." (*Ridgely v. Central Pipe Line Co.* (1951), 409 Ill. 46, 50, 97 N.E.2d 817; see also *Slavick v. Michael Reese Hospital & Medical Center* (1980), 92 Ill. App. 3d 161, 166, 415 N.E.2d 1060; *Johnson v. Empire Mutual Insurance Co.* (1979), 70 Ill. App. 3d 780, 782, 388 N.E.2d 1042.) Consequently, a petition to vacate a dismissal order is not strictly necessary although it is desirable to clarify the record (*Faust v. Michael Reese Hospital & Medical Center* (1979), 79 Ill. App. 3d 69, 73, 398 N.E.2d 287; *Stevens v. City of Chicago* (1970), 119 Ill. App. 2d 366, 373, 256 N.E.2d 56), and the granting of such a motion is not a final order and thus an inappropriate basis for appellate jurisdiction. *Johnson v. Empire Mutual Insurance Co.* (1979), 70 Ill. App. 3d 780, 784, 388 N.E.2d 1042.

■ In the case before us, neither party considered the May 1980 dismissal order as a final and binding judgment in the action. Both plaintiff and defendant appeared before the court on numerous subsequent occasions more than 30 days following the entry of the DWP order, and both adopted positions inconsistent with the merits of the order since both treated the action as a continuing, viable legal proceeding in plaintiff's wrongful death action against defendant. Consequently, the trial court was revested with jurisdiction. Furthermore, because the trial court had not yet rendered any final determination disposing of the action, its order which vacated the dismissal order and reinstated the cause to the trial call was an interlocutory order from which appeal was inappropriate. The court's denial of defendant's motion for reconsideration was similarly an interlocutory order.

As a concluding comment, we wish to observe that the defendant in this action has yet to file a responsive answer to plaintiff's complaint. His only actions before the trial court were motions for extensions of time in which to answer and later motions for extensions of time in which to obtain counsel. Not only did plaintiff refrain from attempting to obtain a default judgment against the defendant, he permitted and aided the defendant in his efforts to protect his legal interests by appearing before the court, drafting, and obtaining the court's approval of orders which extended defendant's time in which to obtain substitute counsel pursuant to defendant's written requests to the court, by letter, from defendant's place of incarceration. By this conduct, the defendant clearly revested the trial court with jurisdiction, and cannot now contend that the dismissal order precludes any further proceedings. As the court stated in *Faust v. Michael Reese Hospital & Medical Center* (1979), 79 Ill. App. 3d 69, 73, 398 N.E.2d 287:

> "Though we cannot applaud the plaintiff's laxity in failing to vacate the dismissal formally [and in a timely fashion], the revesting doctrine is a useful and equitable safety net for parties who engage in this sort of self-help. The rule allows parties, by tacit consent, to regard as undone that which ought not have been done, without fear that an opponent may later resurrect the dead order."

For the reasons stated, the appeal is dismissed for lack of appellate jurisdiction.

Appeal dismissed.

JOHNSON and JIGANTI, JJ., concur.