GREGORY K. GOVERNALE, Plaintiff-Appellant, v. NORTHWEST COM-
MUNITY HOSPITAL *et al.*, Defendants-Appellees.

First District (5th Division)   No. 84—2316

Opinion filed September 12, 1986

Epton, Mullin & Druth, Ltd., of Chicago (Mary F. Stafford and Joan L. Feder, of counsel), for appellant.

Donald J. O'Brien, Jr., of Chicago (Michael W. Rathsack, of counsel), for appellees Medical Emergency Service Associates and Philip Kimball Newman.

Pretzel & Stouffer, Chartered, of Chicago (Robert Marc Chemers, of counsel), for appellee Nehi-Royal Crown Corporation.

PRESIDING JUSTICE SULLIVAN delivered the opinion of the court:

This appeal is from the dismissal of plaintiff's personal injury action, the sole issue on review being the propriety thereof.

A chronological review of the procedural history of the litigation is critical to the disposition of this appeal. On September 13, 1976, plaintiff filed an action—No. 76 L 16712—against Northwest Community Hospital, Medical Emergency Service Associates, Doctor Philip Kimball Newman and Nehi-Royal Crown Corporation (defendants) for injuries which, he alleges, resulted from the explosion of a soft-drink bottle on September 15, 1974, and from malpractice in medical treatment he received thereafter. In March 1980, a jury returned a verdict for plaintiff, but after a hearing on defendants' post-trial motions, the trial court ordered a new trial. Plaintiff's petition for leave to appeal

from that order, pursuant to Supreme Court Rule 306(a) (87 Ill. 2d R. 306(a)), was denied by this court on January 6, 1981 (No. 80—1645), and the case was then placed on the circuit court trial call of April 30, 1981, and thereafter continued, from time to time, until March 3, 1982. On that day, the trial assignment judge entered an order which read:

"Pursuant to GENERAL ORDER NO. 6.2(c)—

Remanded Actions:

It is ordered that the above entitled cause shall be renumbered by the Clerk of the Court with a current yearly number, first available, without fee, all fees having been previously paid."

The following day, March 4, 1982, the case appeared on the trial call and was dismissed for want of prosecution. On March 8, 1982, a document, apparently filed by the clerk of the circuit court and characterized by the parties as an "order renumbering the case" as No. 82 L 4388, was entered. On September 2, 1982, case No. 82 L 4388 appeared on the progress call and was dismissed for want of prosecution. On July 11, 1983, plaintiff refiled the action—No. 83 L 12971 (the 1983 case). After a hearing defendants' motion to dismiss on the ground that the action was not commenced within the time permitted by law was allowed, and this appeal followed.

OPINION

While he does not dispute that the applicable statutes of limitations had expired prior to the commencement of the 1983 action, plaintiff contends that it was properly and timely refiled under section 13—217 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 13—217), formerly section 24(a) of the Limitations Act (Ill. Rev. Stat. 1981, ch. 83, par. 24(a)), which provides in relevant part:

"[Where an] action is dismissed for want of prosecution *** then, whether or not the time limitation for bringing such action expires during the pendency of such action, the plaintiff *** may commence a new action within one year *** after *** the action is dismissed for want of prosecution ***."

Defendants conversely contend that section 13-217 was not available to plaintiff as a vehicle by which to extend the applicable limitations period for either of two reasons: (1) that the action was not refiled within one year after it was dismissed for want of prosecution as required by the statute, or (2) in the alternative, that institution of the July 1983 action constituted an impermissible attempt to invoke section 13—217 a second time.

■ It is well settled that section 13—217 affords a plaintiff an absolute right to refile an action previously dismissed for want of prosecution within one year after dismissal. (*Kahle v. John Deere Co.* (1984), 104 Ill. 2d 302, 472 N.E.2d 787; *Wold v. Bull Valley Management Co.* (1983), 96 Ill. 2d 110, 449 N.E.2d 112; *Flores v. Dugan* (1982), 91 Ill. 2d 108, 435 N.E.2d 480.) It is, in effect, an extension of the applicable limitation period (*Hupp v. Gray* (1978), 73 Ill. 2d 78, 382 N.E.2d 1211), and being remedial in nature should be liberally construed (*Frankenthal v. Grand Trunk Western R.R. Co.* (1983), 120 Ill. App. 3d 409, 458 N.E.2d 530), although even the most liberal construction of its language does not justify an addition to or extension of the period fixed by the legislature therein (*Smith v. Chicago Transit Authority* (1978), 67 Ill. App. 3d 385, 385 N.E.2d 62; see *Hupp v. Gray* (1978), 73 Ill. 2d 78, 382 N.E.2d 1211; *Skolnick v. Martin* (1968), 98 Ill. App. 2d 166, 240 N.E.2d 296; *Sager Glove Corp. v. Continental Casualty Co.* (1962), 37 Ill. App. 2d 295, 185 N.E.2d 473).

Here, although the 1976 case was dismissed for want of prosecution on March 4, 1982, and not refiled by plaintiff until July 1, 1983—nearly four months after expiration of the one-year period allowed by section 13—217—he proffers several reasons why the 1983 action should not now be barred. His primary argument is that "the [March 4] order was not meant to remove the case from the docket because the clerk of the court had been ordered (the previous day) to assign the new 1982 number to the case." Elaborating in an affidavit attached to his memorandum in opposition to defendants' motion to dismiss, plaintiff's attorney stated that the March 4 order was not prepared by him, but by a court clerk, that it was signed by the judge after he left the courtroom, and that it "did not reflect what [he] was told from the bench." According to counsel, "[t]here was no statement [by the court] that the 1976 case would be dismissed because a current number was being assigned to [it]."[1]

■■ ■ Generally, the intention of the court is determined only by the order entered, and where the language of such order is clear and unambiguous, it is not subject to construction, nor can it be controlled by any alleged intent or purpose not expressed therein. (*People ex rel. Waite v. Bristow* (1945), 391 Ill. 101, 62 N.E.2d 545; see *Culver v. Allerton* (1971), 132 Ill. App. 2d 137, 269 N.E.2d 507.) Here, the March 4, 1982, order states only that "[t]his cause coming on to be heard upon the regular call of cases for trial: IT IS ORDERED that the

---

[1]The record does not contain any statement by the court concerning the March 4 order.

above entitled cause be and the same is hereby dismissed for want of prosecution." This language is clear and unambiguous and, ordinarily, would not be subject to attack or alteration on appeal, particularly since there was no motion to vacate or correct it, the latter of which could have been accomplished by way of a motion for a *nunc pro tunc* order, which is within the inherent power of the court to enter for the limited purpose of correcting a prior order to reflect what was actually ruled at the time. (*Johnson v. First National Bank* (1984), 123 Ill. App. 3d 823, 463 N.E.2d 859.) Having allowed the order to stand as a dismissal for want of prosecution, plaintiff cannot now complain that it was erroneously entered.

■■ ■ Plaintiff maintains, however, that corrective action on his part was unnecessary since the March 4 order was, in effect, vacated by the "order of March 8" renumbering and reinstating the action as case No. 82 L 4388 pursuant to the trial court's order of March 3 directing the clerk to do so—which, he argues, was in accordance with circuit court General Order 6.2(c), providing as follows:

"Numbering of Actions— ***

* * *

(c) Remanded Actions—Every action remanded by the Appellate Court or the Supreme Court for a new trial or hearing, upon reinstatement, shall be renumbered by the clerk in annual series with the number of the action preceded by the last two (2) figures of the current year and by the abbreviation of the division or district in which the action is filed, and the clerk of the court shall notify the parties of the new number. ***"

Relying on *O'Connor v. Ohio Centennial Corp.* (1984), 124 Ill. App. 3d 281, 463 N.E.2d 1376, he posits that the renumbering "order" put the case in the same position as it was in prior to the dismissal and that it was not until September 2, 1982, when the 1982 action was dismissed for want of prosecution, that the one-year period specified by section 13—217 began to run.

*O'Connor*, like the case before us was an appeal from an order dismissing plaintiff's personal injury action on the ground that it was not commenced within the statutory time limit. There, plaintiff's initial complaint was dismissed for want of prosecution on three separate occasions due to his failure to comply with court orders that he serve defendant with summons. Plaintiff's motions to vacate the first two dismissals and to reinstate the case were granted but, apparently, no such motion was filed after the third dismissal. When plaintiff refiled the action four months later, defendant moved to dismiss it with prejudice, arguing, essentially, that plaintiff's motion to reinstate fol-

lowing the second dismissal constituted an invocation by him of section 13—217 and precluded any additional refilings thereunder. The trial court granted defendant's motion, but the appellate court reversed, holding that "[b]ecause each reinstatement placed the case in the same position it was in before dismissal, the first two dismissals were not final;" that "[o]nly the third dismissal was final because the complaint was not thereafter reinstated;" and that plaintiff had, therefore, invoked section 13—217 only once. *O'Connor v. Ohio Centennial Corp.* (1984), 124 Ill. App. 3d 281, 283, 463 N.E.2d 1376, 1378.

■ Preliminarily, we note that, although not challenged by defendants, it is questionable whether the entry on March 8 was, in fact, an "order." While it is true that the document in the record to which the parties refer was prepared on a standard circuit court "order" form, it consists only of a caption containing the names of the parties, the date, the stamped number "82 L 4388"—under which is handwritten "Formerly numbered 76 L 16712"—the type of case, a stamped notation "Motion Call A" and the name and telephone number of plaintiff's attorney. The document contains no directives and it is unsigned.

Secondly, even accepting plaintiff's assertion in arguments before us that the filing of such a document was the standard method then used by the clerk of the court in accordance with circuit court General Order 6.2(c) to effectuate the renumbering of a case, it appears that General Order 6.2(c) was not applicable to this case.

Our research discloses that plaintiff had filed a petition pursuant to Supreme Court Rule 306(a) (87 Ill. 2d. R. 306(a)) for leave to appeal from the order granting a new trial in the 1976 case. On January 6, 1981, we denied that petition (Appeal No. 80—1645) in an order stating as follows:

"Petition for leave to appeal from an order granting a new trial is hereby denied."

Under Rule 306, providing that "an appeal may be taken [from an order granting a new trial] only on the allowance by the Appellate Court of a petition for leave to appeal" (87 Ill. 2d R. 306(a)), and that "*[i]f* the petition is granted, the proceedings in the trial court are stayed" (emphasis added) (87 Ill. 2d R. 306(f)), the trial court retains jurisdiction unless leave to appeal is allowed. (See *Kuhlman v. Cotter* (1968), 92 Ill. App. 2d 475, 234 N.E.2d 815.) It logically follows, then, that by denying leave to appeal, we declined to accept jurisdiction of the case and, therefore, had nothing before us to remand. Put another way, since the trial court never lost jurisdiction of the case, it re-

mained pending and did not require reinstatement under General Order 6.2(c). Thus, while we find *O'Connor* to be supportive of plaintiff's assertion—in response to defendants' alternate argument that institution of the 1983 action did not constitute a second refiling—in view of the unique facts presented here, it is not determinative of the question whether that action was timely filed.

It is axiomatic that when a case is dismissed, "the parties are out of court and any further proceedings are unauthorized until the judgment of dismissal is vacated and the cause reinstated." (*People v. Bristow* (1945), 391 Ill. 101, 112, 63 N.E.2d 545, 552, quoting *Davis v. Robinson* (1940), 374 Ill. 553, 30 N.E.2d 52; *Bettenhausen v. Guenther* (1945), 388 Ill. 487, 58 N.E.2d 550; *Chicago Title & Trust Co. v. Tilton* (1912), 256 Ill. 97, 99 N.E. 897.) However, an exception to the general rule arises where the parties actively participate in further proceedings or where the party in whose favor dismissal was entered otherwise conducts himself in a manner inconsistent with the order of dismissal. (*Gentile v. Hansen* (1985), 131 Ill. App. 3d 250, 475 N.E.2d 894.) Such action operates to nullify the order of dismissal and revests the trial court with jurisdiction. *Johnson v. Empire Mutual Insurance Co.* (1979), 70 Ill. App. 3d 780, 388 N.E.2d 1042; see generally *Gentile v. Hansen* (1985), 131 Ill. App. 3d 250, 475 N.E.2d 894, and cases cited therein.

Upon our review of the record in the instant case, we have come to the belief that the conduct of defendants demonstrated that they did not view the March 4, 1982, order as having finality. Following the clerical entry or "order" of March 8, 1982, which all parties characterize as a renumbering of the 1976 action, it appears from the uncontradicted affidavit of plaintiff's attorney, filed in his supplemental response to defendants' motion to dismiss, that he had informed the attorneys for defendants of plaintiff's need for more surgery and medical treatment. Because this would require additional investigation and discovery which would not be completed before the newly numbered case would appear on the progress call, the parties agreed to permit the case to be dismissed when it appeared on that call with the understanding that the plaintiff would refile the action within one year under section 13—217 of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 13—217). The case was then dismissed on the September 2, 1982, progress call and when it was refiled within one year—on July 1, 1983—three of the defendants filed their answers, indicating further conduct inconsistent with the March 4, 1982, order of dismissal.

While plaintiff could have taken steps to vacate the dismissal of

March 4, 1982, it appears that he and the defendants all believed that the March 3, 1982, order merely directed a change in the number of the case and that the March 4, 1982, order was entered to effect the change with the case remaining pending under the new number given on March 8, 1982. All of the defendants apparently believed so, as indicated by their agreement to permit the case to be dismissed on the September 2 progress call and by the fact that three of the defendants filed their answers to the newly refiled complaint of plaintiff. Under the circumstances, we find that this conduct of defendants, which was inconsistent with the March 4 dismissal, had revested the trial court with jurisdiction prior to its dismissal order of September 2, 1982, and thus the statutory time allowed by section 13—217 began to run on that day.

We also disagree with the alternate contention of defendants that the filing of the July 1, 1983, action by plaintiff was an impermissible second refiling. It suffices to say that they have presented no authority, nor have we found any, to support their argument that the clerical renumbering of a case on March 8, 1982, was the commencement of a new action which exhausts a plaintiff's right to refile under section 13—217. Indeed, their hypothesis ignores the clear language of the statute specifying that following a dismissal for want of prosecution *"the plaintiff* *** may commence a new action,"* (emphasis added) (Ill. Rev. Stat. 1981, ch. 110, par. 13—217), and is not in accord with *O'Connor v. Ohio Centennial Corp.* (1984), 124 Ill. App. 3d 281, 463 N.E.2d 1376, which, as noted earlier, holds essentially that the right to refile under section 13—217 can be invoked only by the plaintiff, which in the case before us he did not do until July 1, 1983.

For the reasons stated, the order of the trial court dismissing plaintiff's action is reversed and this matter is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

LORENZ and PINCHAM, JJ., concur.