THIRD DIVISION

MARCH 29, 2002

No. 1-01-0838

ALLSTATE INSURANCE CO. a/s/o ) Appeal from the

STEVE SALINAS, ) Circuit Court of

) Cook County.

Plaintiff-Appellee, )

)

v. ) 

)

)

CAROL ANDERSON, ) Honorable

) John G. Laurie,

Defendant-Appellant. ) Judge Presiding.

JUSTICE CERDA delivered the opinion of the court:

Plaintiff Allstate Insurance Company brought this subrogation action to recover for property damage sustained in a traffic accident on June 30, 1994, alleging defendant Carol Anderson caused damage to the automobile owned by Allstate's insured and its subrogor Steve Salinas.  Defendant appeals from the trial court's order barring her from rejecting the mandatory arbitration award which was entered in favor of Salinas.  Defendant contends that she did not fail to participate in the arbitration hearing in good faith when she visited a doctor for acute sinusitis instead of attending the arbitration hearing, that her actions were not contumacious, that the trial court abused its discretion and she was denied due process.  In response, plaintiff attacks the jurisdiction of this court, contending that defendant failed to file her notice of appeal in a timely fashion.  We agree and dismiss the appeal because we lack jurisdiction.  

Plaintiff filed its lawsuit against defendant in July 1999 and sent defendant a Rule 237 Notice requiring her presence at the arbitration hearing scheduled for November 8, 2000.  166 Ill. 2d. R. 237.  Defendant's counsel attended the arbitration hearing, but defendant did not.  The arbitrators entered an award in favor of Salinas in the amount of $1,641.35.  The arbitration award noted that defendant appeared only through counsel "despite 237 notice" and placed the matter on the "Judgment on award" call for January 5, 2001.

On November 17, 2000, defendant filed a notice rejecting the arbitration award.  Plaintiff then moved to bar defendant's rejection of the award.  

Defendant filed a response and attached her affidavit in which she stated that on November 8, 2000, she was unable to attend the arbitration because she suffered from a severe sinus infection and had to visit her physician.  She attached a copy of the doctor bill for November 8, 2000, which indicated that defendant had been diagnosed with acute sinusitis.  

After a hearing on December 21, 2000, the trial court granted plaintiff's motion to bar defendant from rejecting the arbitration award.  Its order stated that all parties were present, that the judgment on the award be entered 
instanter
, and stated that "the JOA on January 5, 2001 [was] hereby stricken."  The actual judgment on the award, a separate document, was also entered December 21, 2000.  

For reasons that do not appear of record, the case was not stricken from the January 5, 2001 judgment on award call but was dismissed apparently inadvertently for want of prosecution by the court.  The half sheet or memorandum of orders indicates that the dismissal for want of prosecution was entered "o/c," (on order of the court), and there is no notation that either of the parties was present.

On February 1, 2001, the dismissal was vacated on plaintiff's motion and the court ordered the prior "Judgment of December 21, 2000, to stand."  Defendant filed her notice of appeal on February 26, 2001.  

Plaintiff challenges the timeliness of defendant's notice of appeal.  In response, defendant contends that her notice of appeal was not tardy because the final judgment was actually on February 1, 2001, when plaintiff's motion to vacate the dismissal for want of prosecution was granted and the previously dismissed December 21, 2000, judgment was reinstated.  She also argues that the doctrine of revestment renders her notice of appeal timely.  For the following reasons, we reject both arguments.  

Illinois Supreme Court Rule 303(a)(1) provides that a notice of appeal must be filed within 30 days after the entry of the final judgment appealed from or within 30 days after the entry of an order disposing of the last pending post-judgment motion.  155 Ill. 2d R. 303(a)(1).  A final judgment for purposes of appeal is final when it terminates the litigation between the parties on the merits.  
Waters v. Reingold
, 278 Ill. App. 3d 647, 651 (1996).  Once a final order has been entered, the trial court retains residual jurisdiction over the matter for 30 days.  
Gentile v. Hansen
, 131 Ill. App. 3d 250, 254 (1985).

Here, plaintiff argues that a final judgment was entered on December 21, 2000, when the trial court entered judgment on the arbitration award and the litigation between the parties was terminated on the merits.  At that time, the parties were aware of the JOA (judgment on the award) call on January 5, 2001, and asked that the case be removed from that call.  The December 21, 2000, order provided that the "JOA on January 5, 2001, [was] hereby stricken."  The dismissal for want of prosecution was entered 
sua
 
sponte
 by the court on January 5, 2001, and was apparently inadvertent.  The first question is what effect did the dismissal have upon the final judgment entered two weeks earlier.  

A dismissal for want of prosecution is ordinarily not a final order because of plaintiff's right to refile under section 13-217 of the Code of Civil Procedure.  735 ILCS 5/13-217 (West  2000); 
Marren Builders, Inc., v. Lampert
, 307 Ill. App. 3d 937, 941 (1999).  When the time for refiling expires, the litigation is terminated and the order is final.  
S.C. Vaughan Oil Co. v. Caldwell
, 181 Ill. 2d 489, 502 (1998).  But no authority has been cited that a final judgment may be dismissed for want of prosecution.  In the case here, we find that the dismissal for want of prosecution had no effect because a final judgment had already been entered and there were no pending matters.  See, 
American Consulting Ass'n, Inc. v. Spencer
, 100 Ill. App. 3d 917, 920-21 (1981), where the court held that a dismissal for want of prosecution was "apparently inadvertent" because it occurred on a status call of all the cases on a calendar just assigned to the judge who entered the order.  The court further held that the unintended dismissal for want of prosecution did not amount to a setting aside of a default judgment.  
American Consulting Ass'n, Inc.
, 100 Ill. App. 3d at 921.  Thus, we reject defendant's first argument that entry of the dismissal for want of prosecution rendered the final judgment of December 21, 2000, nonfinal.  We also note that the order vacating the dismissal stated that the judgment of December 21, 2000, was "to stand," thus, it did not create a new or different final judgment date. 

Secondly, defendant maintains that plaintiff's motion to vacate the dismissal revested the trial court with jurisdiction.  

The doctrine of revestment, which often applies to actions dismissed for want of prosecution, provides that jurisdiction is restored to the trial court when the litigants actively participate without objection in proceedings which are inconsistent with the merits of a prior judgment.  
Harchut v. OCE/Bruning, Inc.
, 289 Ill. App. 3d 790, 791 (1997).  Here, plaintiff's motion to vacate the extraneous order of dismissal for want of prosecution did not constitute active participation in proceedings inconsistent with the merits of the prior judgment.  Plaintiff was merely performing a housekeeping action and did nothing to revest the court with jurisdiction.  Moreover, plaintiff's post-judgment motion was not directed toward the judgment and it did not extend the time for appeal.  155 Ill. 2d R. 303(a); 
Berg v. Allied Security, Inc.
, 193 Ill. 2d 186, 188-89 (2000).  Therefore, defendant's notice of appeal was late because it was not filed until February 26, 2001, more than two months after entry of the final judgment.  Accordingly, we have no jurisdiction and dismiss defendant's appeal.  

Appeal dismissed.

WOLFSON, J., and SOUTH, J., concur.