PLAZA BANK, Plaintiff-Appellee, v. FRANK R. KAPPEL, JR., *et al.*, Defendants (David Azran, Intervenor-Appellant).

First District (1st Division)   No. 1—01—2854

Opinion filed October 28, 2002.

Nicholas Geroulis, of Chicago, for appellant.

Stephen D. Richek, of Chicago, for appellee.

JUSTICE COHEN delivered the opinion of the court:

Plaintiff Plaza Bank filed a complaint pursuant to section 15—1504 of the Illinois Mortgage Foreclosure Law (Foreclosure Law) (735 ILCS 5/15—1504 (West 1998)) seeking foreclosure on a mortgage issued to defendant Frank Kappel, Jr. Following entry of a default judgment of foreclosure, the underlying action was dismissed for want of prosecution. The property was then sold at a public auction to David Azran. The dismissal was subsequently vacated pursuant to section 2—1401 of the Code of Civil Procedure (735 ILCS 5/2—1401 (West 2000)) and Azran was permitted to intervene as a party to the foreclosure action. Despite Azran's motion to set aside the sale, the trial court then confirmed the sale of the property to Azran pursuant to section 15—1508(b) of the Foreclosure Law (735 ILCS 5/15—1508(b) (West 1998)). Azran appeals from the order confirming the sale. Azran argues that the sale is "invalid" because the underlying case was dismissed for want of prosecution at the time of the sale. For the following reasons, we affirm.

## BACKGROUND

On September 17, 1999, plaintiff filed a complaint against Kappel, unknown owners, and nonrecord claimants, alleging that Kappel had defaulted on a mortgage of property located at 6266 W. North Avenue in Chicago, Illinois (the property). When no defendant had answered the complaint by April 26, 2000, plaintiff moved for entry of a default judgment against defendants. The trial court granted plaintiff's motion on May 3, 2000, entering a judgment of foreclosure which, *inter alia*, directed that the premises be sold to the highest bidder at a public auction by "any judicial selling officer approved by" the trial

court. The trial court in its written order expressly retained jurisdiction over the subject matter and parties for purposes of enforcing the judgment of foreclosure and further found "no just reason to delay in the enforcement of or appeal from this final judgment order." In a separate order entered the same day, the trial court appointed Intercounty Judicial Sales Corporation (Intercounty) as selling officer.

On March 15, 2001, at its annual calendar call[1] the trial court dismissed the underlying foreclosure action for want of prosecution because no order had been entered in the case in the preceding six months. Plaintiff, unaware of the dismissal, filed a "Motion to Approve Report of Sale and Distribution and for Order of Possession" on April 12, 2001, requesting confirmation of the sale. The attached "Report of Sale and Distribution" indicates that the property was sold to Azran on April 3, 2001, as the highest bidder at a public auction conducted by Intercounty. On May 7, 2001, plaintiff moved to vacate the dismissal for want of prosecution pursuant to section 2—1401 of the Code of Civil Procedure (735 ILCS 5/2—1401 (West 2000)). Plaintiff alleged that it had not received notice either that the case had been placed on the court's annual calendar call or of the dismissal for want of prosecution until counsel appeared before the trial court on May 7, 2001, to present plaintiff's motion for confirmation of the sale and was informed of the dismissal by the trial court. On May 14, 2001, the trial court granted plaintiff's motion to vacate the dismissal pursuant to section 2—1401 of the Code of Civil Procedure (735 ILCS 5/2—1401 (West 2000)). That same day Azran was granted leave to intervene and filed a motion to set aside the sale.

On June 28, 2001, the trial court held a hearing to consider: (1) plaintiff's motion to confirm the sale; and (2) Azran's motion to set aside that sale. At the hearing, counsel for Azran represented that the purchase of the property had been made by Azran's "right-hand lady" while Azran was traveling abroad and that Azran decided upon his return that "he didn't like the deal." Azran's counsel argued that, because the sale couldn't be confirmed until the dismissal for want of prosecution was vacated and the underlying case reinstated, the sale itself was void. Plaintiff's counsel argued that the sale was validly conducted pursuant to the May 3, 2000, judgment of foreclosure. Plaintiff's counsel further argued that the Foreclosure Law required the trial court to confirm the sale because Azran failed to establish any of the statutory grounds upon which confirmation may be denied.

[1] See *Yugoslav-American Cultural Center, Inc. v. Parkway Bank & Trust Co.*, 327 Ill. App. 3d 143, 148 (2001) (explaining that the calendar call is an "annual event held for purposes of dismissing old, inactive cases").

The trial court ruled in favor of plaintiff and confirmed the sale. Azran appeals.

## ANALYSIS

The sole issue presented on appeal is whether a judicial sale conducted pursuant to a judgment of foreclosure is properly confirmed by the trial court where the underlying foreclosure action was dismissed for want of prosecution prior to the sale but reinstated prior to confirmation of the sale. This issue is one of first impression.

■ The Foreclosure Law provides the exclusive procedure for foreclosure of mortgages in Illinois. 735 ILCS 5/15—1106(a)(1) (West 2000). A judicial foreclosure is initiated by the filing of a complaint, with due notice, against the mortgagor. 735 ILCS 5/15—1501(a), 15—1504 (West 2000). Any unknown owners or other persons having a possessory interest in the mortgaged real estate may also be made parties to the action. 735 ILCS 5/15—1501(b)(1), (c) (West 2000). Upon adequate proof of the matters alleged in the complaint, the trial court shall enter a judgment of foreclosure. 735 ILCS 5/15—1506(a), (c) (West 2000). Such judgment may include specific instructions regarding a judicial sale of the subject real estate. 735 ILCS 5/15—1506(f) (West 2000).

■ Upon entry of the judgment of foreclosure, the rights of parties to the foreclosure and of nonrecord claimants with notice of the foreclosure "shall be solely as provided for in the judgment of foreclosure and in [the Foreclosure Law]." 735 ILCS 5/15—1506(i)(2) (West 2000). However, "[t]he authority of the [trial] court continues during the entire pendency of the foreclosure and until disposition of all matters arising out of the foreclosure." 735 ILCS 5/15—1103 (West 2000). Following entry of the judgment of foreclosure, the subject real estate must be sold at a judicial sale in accordance with section 15—1507 of the Foreclosure Law on such terms and conditions as specified in the judgment of foreclosure. 735 ILCS 5/15—1507 (West 2000). Such sale must then be confirmed by the trial court pursuant to section 15—1508(b) of the Foreclosure Law. 735 ILCS 5/15—1508(b) (West 2000).

Azran does not challenge the validity of the judgment of foreclosure[2] nor does he contend that the judicial sale in any way failed to comply with the requirements of either the judgment of foreclosure or

---

[2]The May 3, 2000, judgment—while not disposing of all matters arising out of the foreclosure—was rendered final and appealable by the trial court's inclusion of language indicating that there was "no just reason to delay in the enforcement of or appeal from this final judgment order." See 155 Ill. 2d R. 304(a); *Jo Jan Corp. v. Brent*, 182 Ill. App. 3d 70, 73 (1989) (judgment of

section 15—1507 of the Foreclosure Law. Azran's sole argument on appeal is that the judicial sale was invalid because, at the time of the sale, entry of the order dismissing the cause for want of prosecution had deprived the trial court of jurisdiction to confirm the sale as required by section 15—1508(b) of the Foreclosure Law. 735 ILCS 5/15—1508(b) (West 2000). Citing *Governale v. Northwest Community Hospital*, 147 Ill. App. 3d 590 (1986), in support, Azran argues that "once a case is dismissed, the [trial] court is without power to make another order." Azran argues that "[i]f the [trial] court is without power to make another order, than [*sic*] it cannot confirm the sale and the sale is invalid, if held, as in this instance, at a time when the case has been dismissed."

In *Governale*, the trial court granted the defendants' motion for new trial after a jury had returned a verdict in favor of the plaintiff. *Governale*, 147 Ill. App. 3d at 591. The plaintiff then unsuccessfully petitioned this court pursuant to Supreme Court Rule 306(a) (87 Ill. 2d R. 306(a)) for leave to appeal. *Governale*, 147 Ill. App. 3d at 591-92. After denial of plaintiff's petition for leave to appeal, the case was placed on the trial call and, on March 3, 1982, the trial court entered an order directing the clerk of the circuit court to renumber the case with a current yearly number. *Governale*, 147 Ill. App. 3d at 592. The following day, the trial court dismissed the case for want of prosecution. *Governale*, 147 Ill. App. 3d at 592. On March 8, 1982, an unsigned document (characterized by the parties as an order) was entered assigning the case a new 1982 case number. *Governale*, 147 Ill. App. 3d at 592. By agreement of the parties, the 1982 case was then dismissed for want of prosecution on September 2, 1982. *Governale*, 147 Ill. App. 3d at 596. When plaintiff refiled the case on July 11, 1983, defendants successfully moved to dismiss the case, arguing that the case was not timely refiled within one year of the March 4, 1982, dismissal. *Governale*, 147 Ill. App. 3d at 592; see 735 ILCS 5/13—217 (West 2000) (permitting the refiling within one year of cases dismissed for want of prosecution).

On appeal, this court noted that "[i]t is axiomatic that when a case is dismissed, 'the parties are out of court and any further proceed-

foreclosure which includes Supreme Court Rule 304(a) finding is final and appealable). No postjudgment motion was filed and the judgment of foreclosure was not appealed. The trial court lost jurisdiction to modify or vacate the final judgment of foreclosure 30 days after entry of that judgment. *Beck v. Stepp*, 144 Ill. 2d 232, 238 (1991). As a result, the final judgment of foreclosure was unaffected by the March 15, 2001, dismissal for want of prosecution. See *Allstate Insurance Co. v. Anderson*, 329 Ill. App. 3d 93, 95-96 (2002).

ings are unauthorized until the judgment of dismissal is vacated and the cause reinstated.' [Citations.]" *Governale*, 147 Ill. App. 3d at 596. This court further noted that "an exception to the general rule arises where the parties actively participate in further proceedings or where the party in whose favor dismissal was entered otherwise conducts himself in a manner inconsistent with the order of dismissal." *Governale*, 147 Ill. App. 3d at 596. This court found that the parties' active participation in further proceedings after the March 8, 1982, dismissal—specifically, for having agreed to permit the September 2, 1982, dismissal with the expectation that suit would be refiled within one year—nullified the order of dismissal and revested the trial court with jurisdiction. *Governale*, 147 Ill. App. 3d at 596.

■ Azran's reliance on *Governale* is misplaced. The public auction at which Azran was the highest bidder was not a "further proceeding[ ]" within the meaning of *Governale*. *Governale* addressed the authority of the trial court to conduct further proceedings following entry of an order of dismissal. *Governale*, 147 Ill. App. 3d at 596. The public auction in the instant case was conducted not by the trial court but rather by Intercounty pursuant to the final judgment of foreclosure and the trial court's May 3, 2001, order appointing Intercounty as selling officer. Because the public auction was not conducted by the trial court, it was not an unauthorized "further proceeding[ ]" within the meaning of *Governale*.

Additionally, Azran urges this court to find the sale of the property "invalid" because the trial court was without jurisdiction to confirm the sale at the time the public auction was held. There is no dispute that under *Governale* the trial court was without authority to conduct "further proceedings" to confirm the sale "until the judgment of dismissal [was] vacated and the cause reinstated." *Governale*, 147 Ill. App. 3d at 596. The trial court in the instant case, however, vacated the dismissal and reinstated the cause *prior* to conducting the June 28, 2001, hearing to consider: (1) plaintiff's motion seeking confirmation; and (2) Azran's motion to set aside the sale. Further proceedings conducted by the trial court following reinstatement of the case do not violate the rule in *Governale*. *Governale*, 147 Ill. App. 3d at 596.

■ It is well settled in Illinois that a judicial foreclosure sale is not complete until it has been approved by the trial court. *Commercial Credit Loans, Inc. v. Espinoza*, 293 Ill. App. 3d 923, 927 (1997). "The high bid received at a judicial sale is merely an irrevocable offer to purchase the property, and acceptance of the offer takes place when the trial court confirms the sale." *Espinoza*, 293 Ill. App. 3d at 927. Azran's bid at the public auction was merely an irrevocable offer to purchase the property. That offer was not accepted until the sale was

confirmed pursuant to section 15—1508(b) of the Foreclosure Law. 735 ILCS 5/15—1508(b) (West 2000). Azran has not challenged the trial court's order vacating the dismissal for want of prosecution, nor does he dispute the trial court's authority following reinstatement to consider both his own and plaintiff's motion. *Governale* does not support defendant's argument that the sale of the property was "invalid" because the trial court was without authority to confirm the sale at the time of Azran's bid.

•5 To determine whether the trial court properly confirmed the sale under the circumstances presented in this case, we turn to section 15—1508(b) of the Foreclosure Law. Section 15—1508(b) provides, in relevant part:

> "Upon motion and notice in accordance with court rules applicable to motions generally, which motion shall not be made prior to sale, the court shall conduct a hearing to confirm the sale. Unless the court finds that (i) a notice required in accordance with subsection (c) of Section 15—1507 was not given, (ii) the terms of sale were unconscionable, (iii) the sale was conducted fraudulently or (iv) that justice was otherwise not done, the court *shall* then enter an order confirming the sale." (Emphasis added.) 735 ILCS 5/15—1508(b) (West 2000).

Section 15—1508(d) further provides that, absent a failure to provide required notice, "no [foreclosure] sale *** shall be held invalid or be set aside because of any defect in *** the proceedings of the officer conducting the sale, except upon good cause shown pursuant to [section 15—1508(b)]." 735 ILCS 5/15—1508(d) (West 2000).

■ The plain language of section 15—1508(b) requires the trial court to confirm a foreclosure sale unless the trial court finds following a hearing that: (1) notice was not properly given; (2) the terms of the sale were unconscionable; (3) the sale was conducted fraudulently; or (4) justice was not done. 735 ILCS 5/15—1508(b) (West 2000). Azran did not argue or present evidence that any of these four grounds existed to justify setting aside the sale. Accordingly, the trial court was required to confirm the sale. 735 ILCS 5/15—1508(b) (West 2000); 735 ILCS 5/15—1105(b) (West 2000) (the "word 'shall' *** means mandatory and not permissive").

## CONCLUSION

For the foregoing reasons, the judgment of the circuit court confirming the sale of the property in this case is affirmed.

Affirmed.

McNULTY and COUSINS, JJ., concur.